The STATE of Ohio, Appellee,

v.

SCHILLING, Appellant.

[Cite as *State v. Schilling* (1989), 65 Ohio App.3d 154.]

Court of Appeals of Ohio,
Delaware County.

No. 88–CA–38.

Decided Oct. 25, 1989.

W. *Duncan Whitney,* Prosecuting Attorney, and *Sue Ann Reulbach,* for appellee.

*Jeffrey A. Burkam,* for appellant.

GWIN, Judge.

Defendant-appellant, Gordon R. Schilling, appeals from his conviction and sentence entered by the Court of Common Pleas of Delaware County, Ohio,

after a jury found appellant guilty of drug abuse in violation of R.C. 2925.11. Appellant raises the following assignments of error:

## "Assignment of Error No. I

"The trial court erred in failing to suppress evidence found during the arrest of the defendant and searched at the scene, as such evidence was obtained contrary to the defendant's United States' constitutional rights against unreasonable searches and seizures.

## "Assignment of Error No. II

"The trial court erred in failing to accept the defendant's written waiver to trial by jury on the issue of the element of a prior conviction, by refusing to remove the issue from the province of the jury, and by permitting the state to introduce testimony of prior convictions contrary to the defendant's right against self-incrimination, under circumstances wherein the jury was very likely to draw improper inferences from the information.

## "Assignment of Error No. III

"The trial court erred in admitting evidence and testimony with regard to the residue on state's Exhibit 4–A, as the prosecuting attorney failed to follow the mandatory requirements of Ohio Revised Code Section 2925.51(E).

## "Assignment of Error No. IV

"The trial court erred in admitting, over objection, evidence and testimony as to the alleged controlled substances, in light of the state's failure to establish that scientifically accepted tests were performed with due caution, and that the evidence was handled in accordance with established and accepted procedures while in the custody of the laboratory, as required under Ohio Revised Code Section 2925.51(A).

## "Assignment of Error No. V

"The trial court erred in admitting irrelevant evidence, over objection, such evidence designed or likely to incense the jury, or encourage the jury to draw improper inferences."

On May 7, 1988, at approximately 8:15 a.m., Trooper White of the Ohio State Highway Patrol, arrived at the scene of an accident on Route 23, Delaware County, involving appellant. Appellant, driving a small convertible sports car with the top down, drove into the rear end of a moving pickup truck.

Upon his arrival, Trooper White noticed that appellant's speech was slow and slurred, and appellant staggered when he walked. Because White could not detect the odor of alcohol on appellant, he suspected appellant was under the influence of drugs. Furthermore, Trooper White saw "white powder" on the seat of appellant's car. Soon after appellant was taken to Trooper White's patrol car, Trooper Massie arrived at the scene and began to take photographs and inventory of the vehicles involved in the accident.

During this inventory, Massie found an envelope in appellant's car which contained white powder in a plastic bag. Massie then walked back to Trooper White's patrol car and suggested that appellant be arrested for possession of what he believed to be drugs. At that time, Trooper White placed appellant under arrest and patted him down for weapons. During the pat-down, White found, among other things, the following items on appellant's person: a small pocket knife with a white powdery substance on it; four small vials, which Trooper White opened at the scene; a black "grinder" that contained a white powdery substance; and a chunk of rock-like substance, which was later determined to be cocaine.

On June 9, 1988, appellant was indicted for knowingly possessing cocaine, "a schedule II substance, in an amount equal to or exceeding three times the bulk amount, to wit: 24.086 grams, the said Gordon R. Schilling having been previously convicted of Aggravated Trafficking in drugs" in violation of R.C. 2925.03. Following a jury trial, appellant was found guilty of the lesser included offense of drug abuse. The trial court subsequently convicted appellant and sentenced him accordingly.

Appellant now seeks our review of his conviction.

## I

In his first assignment, appellant argues that the cocaine discovered in the small vials on appellant's person was the result of an illegal search and seizure and the trial court erred by failing to suppress the same. Appellant does not assert that the search and seizure of the cocaine found in appellant's automobile violated the Fourth Amendment. Furthermore, appellant does not challenge the police officers' right to conduct a pat-down search of appellant following his lawful arrest, nor the officers' right to seize the vials and the grinder found on appellant's person. Appellant only asserts that the Fourth Amendment prohibits the warrantless search of a closed container found on appellant in the absence of exigent circumstances.

The Fourth Amendment, as a general rule, does prohibit the warrantless search of closed packages and containers. *United States v. Chadwick* (1977), 433 U.S. 1, 10–11, 97 S.Ct. 2476, 2482–2483, 53 L.Ed.2d 538, 547–548. How-

ever, there are exceptions to this rule. For instance, once police officers have lawfully stopped an automobile and have probable cause to believe contraband is concealed somewhere within said vehicle, the police may conduct a warrantless search of said vehicle including any containers found therein. *United States v. Ross* (1982), 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572. Appellant concedes this exception, but argues that such is based on exigent circumstances; those being the likelihood that the evidence would be destroyed or removed before the police could obtain a search warrant. Here, appellant argues, there existed no exigent circumstances which would justify a warrantless search of the vials because appellant was arrested and the police were in custody ·of the vials.

In a case similar to this, police lawfully stopped a driver and noticed that she "was having trouble keeping her balance * * * spoke slowly" and slurred her words. Based on the driver's obviously intoxicated state and the lack of an odor of alcohol on her breath, the court found that the police had probable cause to search the driver's car for drugs. This search would include "going into any container in which the object of the search might be found * * * [because] someone who is using drugs often carries them on their person or close by * * *." *People v. Decker* (1986), 176 Cal.App.3d 1247, 1250–1251, 222 Cal.Rptr. 689, 691.

In *Robbins v. California* (1981), 453 U.S. 420, 428, 101 S.Ct. 2841, 2847, 69 L.Ed.2d 744, 753, the United States Supreme Court held that a warrantless search of a closed container is proper only if the container "so clearly announce[s] its contents, whether by its distinctive configuration, its transparency, or otherwise, that its contents are obvious to an observer."

From the above, we find that the police officers, based on the facts in the instant case, properly opened the vials found on appellant. Here, the police discovered appellant in a highly intoxicated state, with no odor of alcohol, with large quantities of suspected cocaine in his car, and further discovered a number of vials and a cocaine grinder on appellant's person. Based on these particular facts, the police were justified in believing that these vials (two of which were of brown transparent glass) clearly announced their contents to be cocaine.

Therefore, the warrantless search of the vials did not violate the Fourth Amendment and appellant's first assignment of error is hereby overruled.

## II

In his second assignment, appellant contends that the trial court erred by overruling appellant's motion to waive a jury trial on the issue of a prior

conviction thereby permitting the state to prove the prior conviction as part of its case in chief. We find this contention without merit.

In the indictment, appellant was charged with violating R.C. 2925.03, which provides, in pertinent part, as follows:

"(A) No person shall knowingly do any of the following:

" * * *

"(4) Possess a controlled substance in an amount equal to or exceeding the bulk amount but in an amount less than three times that amount;

"(C) * * *

" * * *

"(4) Where the offender has violated division (A)(4) of this section, aggravated trafficking is a felony of the third degree and the court shall impose a sentence of actual incarceration of eighteen months *and if the offender has previously been convicted of a felony drug abuse offense, aggravated trafficking is a felony of the second degree* and the court shall impose a sentence of actual incarceration of three years." (Emphasis added).

Clearly, the legislature places the burden of proving a prior conviction on the state. We find no error in the court requiring the state to prove each and every element under the indictment in its case in chief.

Therefore, appellant's second assignment of error is hereby overruled.

### III

■ Appellant, in his third assignment, claims that the trial court erred in admitting any evidence and testimony concerning the residue found on appellant's knife because the state failed to follow the mandates of R.C. 2925.51(E).

R.C. 2925.51(E) provides, in pertinent part:

"Any person who is accused of a violation of this chapter or of Chapter 3719. of the Revised Code is entitled, upon written request made to the prosecuting attorney, to have a portion of the substance that is the basis of the alleged violation preserved for the benefit of independent analysis performed by a laboratory analyst employed by the accused person, or, if he is indigent, by a qualified laboratory analyst appointed by the court. * * * If the prosecuting attorney determines that such a sample portion cannot be preserved and given to the accused's analyst, the prosecuting attorney shall so inform the accused person, or his attorney. In such a circumstance, the accused person is entitled, upon written request made to the prosecuting attorney, to have his privately employed or court appointed analyst present at an analysis of the substance that is the basis of the alleged violation, and,

upon further written request, to receive copies of all recorded scientific data that result from the analysis and that can be used by an analyst in arriving at conclusions, findings, or opinions concerning the identity of the substance subject to the analysis."

In the case *sub judice*, it is undisputed that the state failed to notify appellant or his counsel that the residue on the knife could not be preserved.

We find, in light of the substantial evidence against appellant, and in light of the crime that appellant was convicted, the state's failure to comply with the mandates of R.C. 2925.51(E), concerning the residue on appellant's knife, was harmless error. Therefore, we find that even without any evidence or testimony concerning the residue on the knife, appellant would have been convicted of drug abuse beyond a reasonable doubt.

Appellant's third assignment of error is hereby overruled.

## IV

We find appellant's fourth assignment of error without merit. In essence, appellant asserts that the state, by calling the assistant laboratory analyst to testify concerning the cocaine found on appellant, waived its right to rely upon the laboratory report as prima-facie evidence of content, weight and identity of substance under R.C. 2925.51.

We find that the state did not waive the provisions of R.C. 2925.51. The state not only submitted the reports of the chemical analysis in accordance with the above statute, but supplemented the same with the analyst's testimony. We will not, and do not, find that the state's thoroughness with respect to the introduction at trial regarding the testing and analysis of the cocaine found on appellant in any way operated as a waiver of the provisions of R.C. 2925.51.

Appellant's fourth assignment of error is hereby overruled.

## V

In his final assignment, appellant argues that the court erred by permitting irrelevant state's evidence and such incensed the jury. We have examined the testimony in question and find the same relevant and properly admitted.

Therefore, appellant's final assignment of error is hereby overruled.

For the foregoing reasons, the judgment of the Common Pleas Court of Delaware County is hereby affirmed.

*Judgment affirmed.*

MILLIGAN, P.J., and SMART, J., concur.