The STATE of Ohio, Appellee,

v.

NIEVAS, Appellant.

[Cite as *State v. Nievas* (1997), 121 Ohio App.3d 451.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70645.

Decided June 2, 1997.

452

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Anthony J. Kellon,* Assistant Prosecuting Attorney, for appellee.

*James A. Draper,* Cuyahoga County Public Defender, and *Robert M. Ingersoll,* Assistant Public Defender, for appellant.

---

CHARLES D. ABOOD, Judge.

This is an appeal from a judgment of the Cuyahoga County Court of Common Pleas, which found appellant Jose Nievas guilty of one count of trafficking in drugs, one count of permitting drug abuse, and one count of possessing criminal tools. The first two counts contained degree-enhancing specifications as to appellant's prior conviction of attempted drug trafficking.

Appellant sets forth the following assignments of error:

"I. Jose Nievas was deprived of his constitutional right to a trial by jury, when the trial court tried an essential element of the crime to the bench without first executing a valid jury waiver.

"II. Jose Nievas has been deprived of his liberty without due process of law by his convictions in the case at bar, as said convictions were not supported by sufficient evidence to prove his guilt beyond a reasonable doubt.

"III. Jose Nievas was deprived of his right not to be placed in jeopardy two times for the same offense by his convictions for permitting drug abuse in a car and possessing criminal tools, to wit: the same car, when the two crimes are allied offenses of similar import.

"IV. Jose Nievas was deprived of his constitutional right to effective assistance of counsel by trial counsel's failure to object to his multiple sentences for allied offenses of similar import.

"V. Jose Nievas was denied his liberty without due process of law by his conviction for possessing criminal tools, a general crime, as his conduct in this case was covered by a specific statute, permitting drug abuse."

The facts relevant to this appeal are as follows. On May 3, 1995, appellant and his brother, Manuel Vega,[1] were arrested after being observed consummating a controlled drug buy with a confidential informant working with the Cleveland Police Department. At the time of arrest, a pager and $117, $80 of which was four marked $20 bills given to the informant for the drug buy, were confiscated from Vega. A second pager was confiscated from appellant.

Appellant and Vega were jointly indicted on one count of trafficking in drugs, in violation of R.C. 2925.03, one count of permitting drug abuse, in violation of R.C. 2925.13, and one count of possessing criminal tools (pagers, money and a 1975 Toyota), in violation of R.C. 2923.24. Counts one and two contained specifications as to appellant's prior conviction of attempted drug trafficking, which enhanced the degree of appellant's drug trafficking charge from a third-degree felony to a second-degree felony and the charge of permitting drug abuse from a first-degree misdemeanor to a fourth-degree felony.

Prior to the commencement of trial, counsel for appellant moved to bifurcate trial of the specifications so that appellant's prior conviction could be tried to the court rather than the jury. Arguing that evidence of appellant's prior conviction would be extremely prejudicial to appellant's case, appellant's defense counsel agreed to stipulate to the existence of this prior conviction. The trial court granted the motion over the state's objection.

Trial commenced on March 19, 1996. Detective Bernard Norman of the Cleveland Police Department testified that he was with the informant when he paged a number assigned to Vega from a telephone booth located in the parking lot of a Convenient Food Mart near West 41st Street and Lorain Road. Det. Norman recorded the conversation between the informant and a person later identified as Vega, wherein Vega agreed to sell the informant five bags of heroin

---

1. Manuel Vega's birth name is Angel Nievas. Because the trial court records refer to Angel Nievas as Manuel Vega, we will continue the reference for sake of continuity.

for $80.· Det. Norman left the parking lot shortly thereafter to view the anticipated transaction from a short distance. Within moments, the informant was approached by a blue Toyota driven by appellant and carrying Vega as a passenger. From the passenger window, Vega and the informant conversed and parted shortly thereafter. Det. Norman reappeared and obtained the purchased narcotics from the informant and followed appellant's vehicle. Detective Charles Escalante, positioned closest to the transaction, forwarded the information to the surveillance team, which eventually stopped appellant's car and arrested the pair.

Prior to deliberation, the jury was instructed to consider the car as a criminal tool (count three) in appellant's case and the pager and money as criminal tools in Vega's case. With regard to the charge of permitting drug abuse (count two), the jury was instructed to consider appellant as the operator of the car rather than Vega. For the drug trafficking charge (count one), the jury was given an aider-and-abettor instruction as to appellant. The jury ultimately returned a verdict of guilty on all counts for both appellant and Vega. Appellant was sentenced to two to fifteen years on count one and concurrent terms of one year each on counts two and three.

## I

In his first assignment of error, appellant contends that the specifications were degree-enhancing elements of drug trafficking and permitting drug abuse and, absent a valid jury waiver, could not be bifurcated and tried to the court alone. Because these elements were not proven, appellant maintains that he should have been sentenced on the least severe degree, namely, a third-degree felony on count one and a first-degree misdemeanor on count two.

Where the existence of a prior conviction enhances the degree of a subsequent offense, it is an essential element of that offense that the state must prove beyond a reasonable doubt. See *State v. Allen* (1987), 29 Ohio St.3d 53, 54, 29 OBR 436, 436–437, 506 N.E.2d 199, 200–201; *State v. Ireson* (1991), 72 Ohio App.3d 235, 239, 594 N.E.2d 165, 167–168. Because of this burden, a criminal defendant is not entitled to bifurcated proceedings nor is he entitled to waive a jury trial on that element alone. See *State v. Schilling* (1989), 65 Ohio App.3d 154, 159, 583 N.E.2d 350, 352–353; *State v. Young* (Feb. 22, 1996), Cuyahoga App. Nos. 69010 and 69011, unreported, 1996 WL 75711; *State v. Weaver* (Aug. 10, 1995), Cuyahoga App. No. 67389, unreported, 1995 WL 472834. Consequently, while it may have been error for the trial court to separate proof of appellant's prior conviction from the remainder of the elements of the charged offenses, it was appellant who requested the bifurcation in order to avoid the prejudicial effect inherent in having the jury exposed to appellant's past felony background. Appellant willingly stipulated the existence of the prior conviction for this very

reason. "Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *State ex rel. Bitter v. Missig* (1995), 72 Ohio St.3d 249, 254, 648 N.E.2d 1355, 1358; *State v. Hayes* (Sept. 5, 1996), Cuyahoga App. No. 70052, unreported, 1996 WL 502146; but, see, *State v. Mitchell* (Dec. 5, 1996), Cuyahoga App. Nos. 67490 and 67491, unreported, 1996 WL 695665.

Upon consideration of the record of proceedings in the trial court and the law as set forth above, this court finds that appellant invited or induced the error of which he now complains. Accordingly, appellant's first assignment of error is not well taken.

## II

In his second assignment of error, appellant contends that there was insufficient evidence to support his convictions. Specifically, he contends that there was no direct evidence of his involvement in the drug transaction and that his mere presence alone is insufficient to convict him.

In challenging the legal sufficiency of the state's evidence, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The weight of the evidence and the credibility of the witnesses are primarily a matter for the trier of fact, and a reviewing court will not reverse a verdict where there is substantial and credible evidence upon which the trier of fact could reasonably conclude that all elements of the offense have been proven beyond a reasonable doubt. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212.

In this case, appellant claims that he innocently agreed to drive Vega to meet the informant but was not aware for what purpose. In this regard, he claims that his mere presence is insufficient to charge him with aiding and abetting Vega. The state, on the other hand, contends that appellant aided and abetted Vega in consummating the drug transaction.

It is true that a person's mere association with a principal offender is not enough to sustain a conviction based on aiding and abetting. *State v. Sims* (1983), 10 Ohio App.3d 56, 58, 10 OBR 65, 67–68, 460 N.E.2d 672, 674–675. To the contrary, there must be some level of active participation by way of providing assistance or encouragement. *Id.* "Mere approval or acquiescence, without expressed concurrence or the doing of something to contribute to an unlawful act, is not an aiding or abetting of the act." *Id.* at 59, 10 OBR at 69, 460 N.E.2d at 676. Criminal intent, however, can be inferred from the presence, companionship

and conduct of a criminal defendant both before and after the offense is committed, *State v. Pruett* (1971), 28 Ohio App.2d 29, 34, 57 O.O.2d 38, 40–41, 273 N.E.2d 884, 887–888, and may be proven by either direct or circumstantial evidence. *State v. Mootispaw* (1996), 110 Ohio App.3d 566, 570, 674 N.E.2d 1222, 1224; *State v. Cartellone* (1981), 3 Ohio App.3d 145, 150, 3 OBR 163, 168–169, 444 N.E.2d 68, 74–75.

Upon consideration of the entire record of the proceedings in the trial court and the evidence as summarized above, this court finds that there was sufficient evidence presented upon which a rational trier of fact could find beyond a reasonable doubt that the appellant aided and abetted Vega in effecting the drug deal.

Accordingly, appellant's second assignment of error is not well taken.

### III

In his third assignment of error, appellant contends that counts two and three should have been merged because permitting drug abuse in a car and possessing a criminal tool, the same car, are allied offenses of similar import. The state maintains that this issue is moot because the sentences for both counts were to run concurrently.

R.C. 2941.25(A) governs multiple counts and provides:

"Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment * * * may contain counts for all such offenses, but the defendant may be convicted of only one."

In this case, appellant was charged with violating R.C. 2925.13, which provides:

"No person who is the owner, operator, or person in charge of a * * * vehicle as defined in division (A) of section 4501.01 of the Revised Code, shall knowingly permit the vehicle to be used for the commission of a felony drug abuse offense."

Appellant was also charged with violating R.C. 2923.24, which provides:

"No person shall possess or have under his control any * * * device * * * with purpose to use it criminally."

In determining whether offenses are allied and of similar import, a two-part test is employed. *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 83, 549 N.E.2d 520, 522; *State v. Gest* (1995), 108 Ohio App.3d 248, 262, 670 N.E.2d 536, 545–546. First, the elements of the two offenses are compared. If the elements correspond to such a degree that commission of one offense results in the commission of the other, the offenses are allied and of similar import. Once it is determined that the offenses are allied, the trial court must then ascertain

whether the offenses were committed separately or with a separate animus in order to sustain a conviction for both offenses. *Id.*

This court has previously determined that where the criminal tool is a vehicle, the offenses of permitting drug abuse with a vehicle under R.C. 2925.13 and possessing criminal tools under R.C. 2923.24 are allied offenses of similar import because the elements of each offense correspond and the commission of one results in the commission of the other. *State v. Castellanos* (Sep. 14, 1995), Cuyahoga App. No. 67304, unreported, 1995 WL 546943; *State v. Mallett* (Mar. 3, 1994), Cuyahoga App. No. 64752, unreported, 1994 WL 66248; *State v. McNamee* (Dec. 7, 1989), Cuyahoga App. Nos. 56294 and 56366, unreported, 1989 WL 147649. Because the offenses in this case were part of the same drug transaction, they were not committed separately or with a separate animus. Having satisfied the two-tiered test set forth in *Vazirani, supra,* appellant cannot be convicted of both offenses under R.C. 2941.25.[2]

The state argues that because the multiple sentences run concurrently, appellant will suffer no prejudice and this issue is therefore moot. This argument is without merit. While appellant's jail term is not enhanced by the error, the potential for unpredictable adverse consequences exists. See *State v. Law* (Apr. 4, 1991), Cuyahoga App. No. 58326, unreported, at 3, 1991 WL 45565.

Upon consideration of the record of proceedings in the trial court and the law as set forth above, this court finds that counts two and three should have been merged. Accordingly, appellant's third assignment of error is well taken.

## IV

Due to our disposition of appellant's third assignment of error, appellant's fourth and fifth assignments of error are moot and need not be considered by this court. App. R. 12(A)(1)(c).

---

**2.** We are mindful that this court has previously determined that these two offenses are not allied offenses of similar import because the element of ownership, which is present in R.C. 2925.13, is missing from R.C. 2923.24 and, therefore, the elements were found not to correspond. See *State v. Pall* (Sept. 12, 1991), Cuyahoga App. No. 59232, unreported, 1991 WL 180070; *State v. Mateo* (Aug. 17, 1989), Cuyahoga App. No. 55833, unreported, 1989 WL 95760, reversed in part on other grounds (1991), 57 Ohio St.3d 50, 565 N.E.2d 590. However, the elements of an offense should not be viewed abstractly but should be viewed with reference to the facts of the particular case. *Dayton v. McLaughlin* (1988), 50 Ohio App.3d 69, 74, 552 N.E.2d 965, 969–970. R.C. 2925.13 does not *require* ownership, but, the statute being written in the disjunctive, ownership is one form of possession specified. Consequently, the elements of the R.C. 2923.24 offense are subsumed within the elements of the R.C. 2925.13 offense for purposes of analyzing whether the statutes are allied and of similar import.

## V

Upon consideration whereof, this court finds that substantial justice has not been done the party complaining, and this case is affirmed as to appellant's conviction for trafficking in drugs; for the reasons stated above, however, the sentences imposed by the Cuyahoga County Common Pleas Court as a result of the multiple convictions for permitting drug abuse and possession of criminal tools are reversed, and this case is remanded to the trial court for resentencing to reflect the merger of these two offenses.

This judgment is affirmed in part and reversed in part, and the cause is remanded for resentencing consistent with the opinion herein.

*Judgment reversed*
*and cause remanded.*

PATRICIA ANN BLACKMON, P.J., and KARPINSKI, J., concur.

CHARLES D. ABOOD, J., retired, of the Sixth Appellate District, sitting by assignment.