JOURNAL ENTRY AND OPINION
Appellant Raymond Bowers appeals the judgment of the trial court finding him guilty of robbery, a second degree felony, and sentencing him to a definite five year term of incarceration. Appellant assigns the following two errors for our review:
 I. APPELLANT BOWERS CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, TO THE OHIO CONSTITUTION WHERE THE PROSECUTION FAILED TO PROVE APPELLANT AIDED AND ABETTED IN THE ROBBERY OF PEARL.
 II. APPELLANT BOWERS WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION WHEN HIS COUNSEL FAILED TO SUBPOENA POLICE OFFICERS INVOLVED IN THE ARREST OF THE APPELLANT.
Having reviewed the record and the arguments of the parties, we affirm the judgment of the trial court. The apposite facts follow.
On July 22, 1998, police arrested appellant and charged him with one count of robbery, a felony in the second degree. Appellant pleaded not guilty to the charge and waived his right to a jury trial; the state tried the case to the bench on October 19, 1998.
At trial, the state called one witness, Harold Pearl, the victim of the robbery. Pearl testified that in the early morning hours on July 22, 1998, returning home from his job as a custodian, he encountered five men. The men began questioning him, asking if he lived in the neighborhood. Two of the five men walked away to talk to a woman. Then appellant and another man joined the group. Pearl testified that appellant wore a green poncho and had a goatee.
The group identified themselves as the 124th Street Boys. Pearl said that he tried to run away from the group. However, he tripped and fell. Pearl testified that when he fell the group jumped on him, punching, stomping, and kicking him. One member of the group asked Pearl for money and then took twelve dollars from him. After kicking and stomping him a few more times, a member of the group told Pearl to get up and run.
Pearl identified appellant as a member of the group who beat him and helped to take his money. Pearl testified that appellant did not take the money, but he did help in the taking of his money. Pearl testified that appellant did not attempt to stop anybody from beating him or taking his money, nor did appellant attempt to get his money back.
Pearl testified that after the beating he went home and reported the incident to the police, telling them that he could identify his attackers if he saw them again. The police picked Pearl up and went to look for his attackers. Two blocks from where the incident occurred Pearl spotted appellant walking with another man. Pearl recognized both men. Pearl identified the man with appellant as one of the men who left the group to talk with the woman. Pearl identified appellant, who had on a green poncho, as one of the men who beat him and helped to take his money. Pearl testified that the police let the other man go and arrested appellant. At the time of arrest, Pearl overheard the appellant tell the police "[y]ou've got the wrong guy."
After Pearl testified, the prosecution rested its case. The defense moved for dismissal pursuant to Crim.R. 29. The court denied the motion. The defense rested its case without calling any witnesses. After deliberation, the court found appellant guilty of robbery.
At sentencing, appellant admitted that he saw Pearl that evening with the group of men. Appellant claimed that Pearl attempted to purchase drugs. Appellant said that he walked up to the group during the drug transaction. However, appellant denied knowing anything else about the incident. After hearing his statement, the court sentenced appellant to a definite prison term of five years. This appeal followed.
In his first assignment of error, appellant challenges his conviction arguing that the court based its decision on insufficient evidence. Appellant contends that he did not take the victim's money and that the prosecution failed to present evidence sufficient to support a finding that he aided and abetted in the commission of the robbery. We disagree.
A challenge to the sufficiency of evidence supporting a conviction requires the appellate court to determine whether the State met its burden of production at trial. State v. Thompkins
(1997), 78 Ohio St.3d 380, 678 N.E.2d 541. On review for legal sufficiency, the appellate court's function is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average person of the defendant's guilt beyond a reasonable doubt. Thompkins, supra; State. v.Fryer (1993), 90 Ohio App.3d 37, 43, 627 N.E.2d 1065, 1069. In making its determination, an appellate court must view the evidence in a light most favorable to the prosecution. Fryer at 43.
In the instant case, the court found appellant guilty of robbery in the second degree. The statute defining robbery provides in relevant part that:
 (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: * * *
 (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another * * *.
R.C. 2911.02. The fact that someone other than appellant actually took the victim's money is irrelevant. Under R.C. 2923.03, the court may find a defendant liable as an accomplice where the defendant aids or abets another in the commission of the offense. R.C. 2923.03(A)(2). "[A] person's mere association with a principal offender is not enough to sustain a conviction based on aiding and abetting." State v. Nievas (8th Dist. 1997), 121 Ohio App.3d 451,456, 700 N.E.2d 339, 342; State v. McSwain (8th Dist. 1992), 79 Ohio App.3d 600, 607 N.E.2d 929. The evidence must demonstrate that the defendant provided some level of active participation by either assisting or encouraging the principal offender. Id. The defendant's criminal intent can be inferred from the presence, companionship, and conduct both before and after the commission of the offense. Id.; State v. Cartellone
(8th Dist. 1981), 3 Ohio App.3d 145, 444 N.E.2d 68.
We conclude, viewing the evidence in a light favorable to the prosecution, that appellant's presence during the commission of the offense, his companionship as a member of the 124th Street Boys, and most importantly, his conduct in beating the victim while his companion took the victim's money, constitutes evidence sufficient to sustain appellant's conviction for robbery. Accordingly, this court overrules appellant's first assignment of error.
In appellant's second assignment of error, he claims that his trial counsel rendered ineffective assistance. The standard of review for ineffective assistance requires a two-part test. "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland v.Washington (1984), 466 U.S. 668, 687-688; State v. Bays (1999),87 Ohio St.3d 15, 716 N.E.2d 1126. Additionally, the defendant must demonstrate prejudice. In other words, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."Strickland at 694.
Appellant argues that his trial counsel's failure to subpoena the arresting officers constitutes ineffective assistance. However, a counsel's decision not to call a witness falls squarely within the ambit of trial strategy and does not constitute ineffective assistance absent a showing of prejudice.State v. Oliver (8th Dist. 1995), 101 Ohio App.3d 587,656 N.E.2d 348; State v. Williams (8th Dist. 1991), 74 Ohio App.3d 686,600 N.E.2d 298. We find that appellant fails to demonstrate that the testimony of the arresting officers would have changed the outcome of the trial. Accordingly, we overrule appellant's second assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, A.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ___________________________________ PATRICIA ANN BLACKMON, JUDGE