Appellant Larry Shepherd appeals the judgment of the juvenile court finding him delinquent. Appellant assigns a single error for our review:
 THE TRIAL COURT'S VERDICT ADJUDICATING APPELLANT DELINQUENT AS AN AIDER AND ABETTOR TO THE PRINCIPAL WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Having reviewed the record and the legal arguments of the parties, we affirm the judgment of the trial court. The apposite facts follow.
On April 14, 1999, the state filed a four-count complaint against appellant in the juvenile Court. The complaint alleged appellant was delinquent and charged appellant with two counts of attempted murder, one count of aggravated robbery, and one count of felonious assault. Each count contained a gun specification. Appellant entered a denial of the complaint and the case proceeded for hearing.
At the hearing, the state called among other witnesses, the two victims Carol Yates, Arthur Jenkins. Carol Yates testified that on April 8, 1999, she arrived at National City Bank near the corner of Harvard and Lee Road at approximately 11:00 PM. A line existed at the drive-thru ATM, so she decided to use the walk up window instead. After completing her transaction, she returned to her car. On the way back to her car, she passed two young males whom she identified as Bryant Lawrence and appellant. She described Lawrence as wearing dark clothing. When she got to her car, Bryant Lawrence, approached her and said this is a robbery. She noticed appellant did not enter the parking lot with Lawrence, but rather remained on the tree lawn.
Yates testified Lawrence snatched the keys and ATM card from her hand. When she told Lawrence she did not have any money, he told her get in the car, we're going to draw it all out. When she did not comply, he threatened to kill her. According to Yates, she responded to Lawrence's threat by screaming [s]omebody help me, they're trying to rob me. Yates then pushed Lawrence. Lawrence walked away from Yates and joined the appellant on the tree lawn.
Yates testified an older man named Arthur Jenkins came to her aid. She told Jenkins that appellant and Lawrence tried to rob her. Jenkins then approached the two boys. She testified Jenkins grabbed Lawrence and a brief struggle ensued. According to Yates, appellant made no attempt to intervene in the struggle. Next, Yates testified she saw Lawrence reach in his pocket and Jenkins ran. Next Yates said she heard three shots, and she also ran. She heard two more shots and noticed Jenkins had fallen to the ground. She identified Lawrence as the shooter.
Arthur Jenkins testified he arrived at the National City Bank with his wife shortly after 11:00 PM. He left his wife in the car and went to use the ATM. As he walked up to the ATM, he noticed appellant and Lawrence talking. Jenkins described Lawrence as having worn dark clothing. Jenkins also noticed Yates walking to her car. Jenkins testified he saw Lawrence follow Yates to her car while appellant remained on the tree lawn watching the street. Next, Jenkins testified he heard Yates scream and rushed over to see what happened. According to Jenkins, Yates said, he's trying to rob me. Jenkins testified he approached Lawrence, grabbed him, and told him he was going to jail. Jenkins indicated Lawrence struggled briefly. Jenkins said once Lawrence stopped struggling, he let go of him. Jenkins testified appellant made no attempt to assist Lawrence during the struggle.
Jenkins testified that after he let Lawrence go, appellant stated, it doesn't have to go like this. Next, Lawrence pulled out a gun. Jenkins said he did not see the gun because Lawrence turned his back to him, but he heard Lawrence charging the weapon. At that point, Jenkins turned around and started to run. According to Jenkins, the first shot hit him in his right foot. The fourth shot hit his left heel and he fell down. Jenkins said when the shooting stopped Yates came over to check on him and his wife called the police from her cell phone. Jenkins indicated the police arrived about ten minutes after the shooting.
Detective Ronald Ehbar, Lieutenant George Anthony, Officer Fredrick Mone also testified for the State. These officers provided testimony regarding the arrest of Lawrence and appellant, the recovery of the weapon used by Lawrence, and the ballistics match between the shell casing found at the crime scene with Lawrence's gun.
At the close of its case in chief, the State offered into evidence the statement of appellant taken by detective Taylor following his arrest. In his statement, appellant denied being present during the robbery. Appellant described the events of the evening as follows:
 I was coming from Erron's house * * * so I get across the street about — I got half way to CVS, I seen [Lawrence] tussling and wrestling with some dude so I come up and they were wrestling and tussling and stuff, so I go to grab the dude. While I am reaching fro [sic] the dude, Brian [sic] reach and pull out the gun. So he cocked it back and shot 8 times, so when I seen the shooting I step t [sic] back and after he shoots I fleed [sic] off.
Appellant put on one witness in his defense Kenneth Ferguson, a neighborhood business owner. Ferguson testified he witnessed the struggle between Jenkins and Lawrence while driving down Harvard Road. Ferguson also testified he witnessed Lawrence shoot Jenkins. However, he offered no testimony regarding appellant's conduct.
Based on the evidence presented during the hearing, the trial court adjudicated appellant delinquent on all four counts of the complaint and stated the following regarding appellant's conduct:
 Look at the relationship in the presence of the aider and abetter with the main actor during before, during, and after the acts which allegedly occur. [sic] In this case I find the fact that Mr. Jenkin's and Ms. Yate's [sic] testimony as to the events that occurred and Larry Shepherd's actions as a lookout is enough to convict him or find him delinquent on all four charges. Most importantly, * * * when you combine * * * a statement he made to the police officer and also the statement that he made to Mr. Jenkins, * * * I clearly, beyond a reasonable doubt, [find] that Larry Shepherd is also delinquent through all counts, one through four as charged and of the gun specification.
Having adjudicated appellant delinquent, the trial court committed appellant to the Ohio Department of Youth Services for the maximum period permitted by law. Appellant appeals the trial court's judgment.
In his sole assignment of error, appellant challenges the trial court's delinquency finding as against the manifest weight of the evidence. In his brief, appellant assigns as error the manifest weight of the evidence. However, in the body of his brief, he argues sufficiency of the evidence. The State in its brief responded only to the sufficiency argument. During oral argument, appellant's lawyer maintained that this appeal involved only the manifest weight of the evidence.
For clarity, the issue for us in this case is whether the manifest weight of the evidence established appellant as an aider and abetter in Lawrence's crimes against Carol Yates.
The trial court as the fact finder determined that appellant's actions constituted that of a lookout. The trial court based its decision on the testimony of the victims. The victims testified that appellant looked up and down the street during the course of the crimes. The robbery victim testified that after Lawrence robbed her, he joined appellant on the tree lawn. When Jenkins came to her assistance, Jenkins grabbed Lawrence and appellant stated it doesn't have to go like this. The trial court held this evidence qualitatively constituted evidence of a lookout.
Under R.C. 2923.03, the court may find a defendant liable as an accomplice where the defendant aids or abets another in the commission of the offense. R.C. 2923.03(A)(2). [A] person's mere association with a principal offender is not enough to sustain a conviction based on aiding and abetting. State v. Nievas (8th Dist. 1997), 121 Ohio App.3d 451,456, 700 N.E.2d 339, 342; State v. McSwain (8th Dist. 1992),79 Ohio App.3d 600, 607 N.E.2d 929. The evidence must demonstrate that the defendant provided some level of active participation by either assisting or encouraging the principal offender. Id. The defendant's criminal intent can be inferred from the presence, companionship, and conduct both before and after the commission of the offense. Id.; State v. Cartellone (8th Dist. 1981), 3 Ohio App.3d 145, 444 N.E.2d 68.
Applying this standard to the facts of this case, we conclude the manifest weight of the evidence established appellant as an aider and abetter. Appellant's sole assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Juvenile Court Division of Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., and JOSEPH J. NAHRA, J.*, CONCUR.
* SITTING BY ASSIGNMENT: JUDGE JOSEPH J. NAHRA, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS.