JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Plaintiff-appellant, the State of Ohio, appeals the trial court's ruling that the state is precluded from introducing to the jury evidence of defendant's prior conviction for domestic violence because he stipulated to this conviction. The state argues that if it does not prove the prior domestic violence conviction to the jury, defendant can be found guilty of only a misdemeanor rather than the elevated felony offense. We agree and reverse.
Defendant was indicted for Domestic Violence in violation of R.C.2919.25. The indictment stated that defendant,
 * * * did knowingly cause or attempt to cause physical harm to [victim], a family or household member, in violation of Section 2919.25 of the Ohio Revised Code.
 FURTHERMORE, the said Clyde Arnold, with counsel, on or about the 23rd day of December 1999, in the Cleveland Hts. Municipal Court, Cuyahoga County, Ohio, Case No. CRB 9901869, having been convicted of the crime of Domestic Violence, in violation of Revised Code Section 2919.25 of the State of Ohio.
The trial court issued an order stating,
 Defendant stipulates to the Furthermore Finding in Count One of the indictment. Defendant stipulates that he was convicted of Domestic Violence on or about the 23rd day of December, 1999, in Cleveland Heights Municipal Court (Case No. CRB 9901869) in violation of Revised Code Section 2919.25 of the State of Ohio.
 Defendant also moves that due to its stipulation that evidence of defendant's prior conviction in the Cleveland Heights Municipal Court be excluded.
 The Court rules that due to the defendant's stipulation, Evidence Rule 403 and the interests of judicial economy that the State is precluded from presenting any evidence of the defendant's prior Domestic Violence conviction.
 The State of Ohio moved to stay trial pending appeal. Court orders case stayed pending appeal.
The state argues that if it is precluded from proving defendant's prior domestic violence conviction it will not be able to obtain a felony conviction because the previous domestic violence conviction is an essential element of the offense. The state's position is that unless it is allowed to prove the element of defendant's prior conviction, it cannot succeed at convicting him of the fifth degree felony[1] but rather is restricted to convicting on another first degree misdemeanor. The state is correct.
Although the courts have held that a prior conviction may be held from the jury, if it is needed for a penalty enhancement, the prior conviction must be proven to the jury if it is an essential element of the offense which increases the degree of the offense. State v. Allen (1987),29 Ohio St.3d 53 at 54. See State v. Ireson (1991), 72 Ohio App.3d 235,239; State v. Thomas (Dec. 20, 1995), Cuyahoga App. No. 68313, unreported, at *4. Earlier, in 1971, the Supreme Court of Ohio held that, when
 defendant faces a possible felony conviction for a second offense, while the first offense is punishable only as a misdemeanor[,] [t]he state must be put to its proof regarding the identity of the accused in the prior offense and must demonstrate the fact of such prior offense beyond a reasonable doubt. The jury must then find that fact to be established and also convict the defendant of the second violation, in order for the court to impose the greater punishment.
State v. Gordon (1971), 28 Ohio St.2d 45, 49.
The court cannot bifurcate the proof of this element of the offense and it cannot allow it to be proven by judicial notice. State v. Sweeney
(1999), 131 Ohio App.3d 765, 773 ("a defendant is not entitled to bifurcated proceedings, nor may he waive jury trial on the prior conviction element alone."); State v. Russell (Nov. 9, 1998), Butler App. No. CA98-01-018, unreported, 1998 Ohio App. LEXIS 5373, at *10 ("appellant's stipulation would not have been sufficient to support a finding that appellant had a prior conviction for domestic violence or another crime specified in R.C. 2919.25(D). Therefore, * * * the trial court was not presented with an evidentiary alternative that would have satisfied the prior conviction element."); State v. Mitchell (Dec. 5, 1996), Cuyahoga App. Nos. 67490 and 67491, unreported, 1996 Ohio App. LEXIS 5454, at *11 ("the jury in a jury trial, not the trial court, must determine the existence of a prior conviction as a factual matter.").
R.C. 2945.75(B) states:
 Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction.
Even though the statute does not mention stipulation as an alternative method, this court has previously held that stipulations are not only acceptable, but quite typical. In State v. Ward (1999),130 Ohio App.3d 551, at 559, 720 N.E.2d 603, we determined,
 A certified copy of a judgment entry of a prior conviction is not the exclusive method to prove a prior conviction. An offender may, and often does, stipulate to the prior conviction, as defendant did in this case.
In the case at bar, the trial court incorrectly determined that appellee's stipulation to his prior conviction was too prejudicial under Evid.R. 403. This court has twice held that it is error for the trial court to prevent the state from introducing evidence of the prior conviction when that fact is a material element of the prosecution's case. State v. Nievas (1997), 121 Ohio App.3d 451. See, also, State v.Hatcher (July 31, 1997), Cuyahoga App. No. 70857, unreported, 1997 Ohio App. LEXIS 3403. In both these cases, the defendants stipulated to their prior convictions and then appealed the trial court's finding that they were guilty of the higher level of the offense because the element of the prior conviction had not been proven. This court held that:
 [w]here the existence of a prior conviction enhances the degree of a subsequent offense, it is an essential element of that offense that the state must prove beyond a reasonable doubt. * * * Consequently, while it may have been error for the trial court to bifurcate proof of appellant's prior conviction from the remainder of the elements of the charged offenses, it was appellant who requested the bifurcation in order to avoid the prejudicial effect inherent in having the jury exposed to appellant's past felony background. Appellant willingly stipulated the existence of the prior conviction for this very reason. "Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make. * * *" (Citations omitted.)
Nievas, at 455-56. In a similar appeal addressing the enhanced degree of the offense of DUI, the Eleventh District held that "a trial court may not bifurcate the proceedings. The evidence of [defendant's] prior convictions must be presented to the jury during the guilt phase of the trial". State v. Flasck (Dec. 29, 2000), Trumbull App. No. 99-T-0173, unreported, 2000 Ohio App. LEXIS 6229, at *9.
In order to prove its case of felony domestic violence, the state must be able to prove to the jury that defendant was previously convicted of domestic violence. One way to allow the prosecution to meet its burden of proof and avoid undue prejudice to the defendant is to tell the jury that a defendant has stipulated to one element of the offense charged, that is, he/she admits to a prior conviction. As noted in State v. Adams
(1988), 37 Ohio St.3d 295, 297, 525 N.E.2d 1361, "[s]tipulations to prior convictions are widely recognized as a practice which benefits defendants by precluding the state from introducing evidence as to the details of the prior convictions." See, State v. King (Mar. 13, 2000), Stark App. No. 1999CA0064, unreported, 2000 Ohio App. LEXIS 963; State v. Thompson
(Mar. 1, 2000), Lorain App. No. 98CA007112, unreported, 2000 Ohio App. LEXIS 722, at *11-*12.
The trial court, therefore, is instructed to permit the state to present to the jury its case regarding all the elements of the offense charged in the indictment, including the fact of the prior conviction for domestic violence.
Reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that appellant recover of appellee its costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] R.C. 2919.25 states,
 (A) No person shall knowingly cause or attempt to cause physical harm to a family member or household member.
* * *
 (D) Whoever violates this section is guilty of domestic violence. Except as otherwise provided in this division, * * * a violation of division (A) or (B) of this section is a misdemeanor of the first degree. * * * If the offender previously has been convicted of domestic violence, * * * a violation of division (A) or (B) of this section is a felony of the fifth degree * * *. (Emphasis added.)