JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Anthony Ganelli ("Ganelli"), appeals his convictions for telephone harassment. Finding merit to this appeal, we reverse and remand for a new trial.
 {¶ 2} Ganelli was charged in two separate cases with one count of telecommunications harassment. Each indictment contained a furthermore clause, alleging a prior conviction for telephone harassment, thereby elevating each offense to a fifth degree felony. Prior to the commencement of Ganelli's jury trial, defense counsel moved to sever the furthermore clauses. Over the State's objection, the court granted the motion to have the furthermore clauses tried to the bench.
 {¶ 3} The cases were consolidated, and the following evidence was presented at Ganelli's jury trial.
 {¶ 4} Ganelli and the victim dated for approximately two years before she moved into his home in March 2003. Their relationship ended in May when Ganelli ordered the victim to move out. The victim testified that she received "tons of phone calls" after she moved out, in which he made "nasty" comments to her. She testified that on August 15, 2003, he made a series of threatening phone calls to her home. During the final call that day, he threatened to "slit her mother's throat" and "take care of the rest of the family" if she did not follow his orders. The victim's mother corroborated this testimony, indicating that she picked up the receiver of another phone and heard Ganelli's threats. Following this telephone call, the victim and her mother reported the incident to the police.
 {¶ 5} The victim further testified that a week following this incident, she received a series of calls from Ganelli at her place of employment, Henry's Bar and Grill. She answered the first call, told him to leave her alone, and hung up. She handled a second call the same way. Ten minutes later, the phone rang a third time, and Cindy Sopko, a patron of the bar and friend of the victim, answered. She testified that Ganelli had mistaken her for the victim when she answered the phone, and that upon hearing her voice, he immediately stated, "You should have killed yourself; now, I'm gonna f * * * you over."
 {¶ 6} On cross-examination, the victim's mother admitted that she and the victim were charged with the burglary of Ganelli's home. The mother further acknowledged that they were indicted in May 2003, prior to the alleged phone calls.
 {¶ 7} Ganelli testified in his defense and denied the allegations. He claimed that he was out of town during the first call and that he was at work during the second incident. On direct examination, he admitted having two prior convictions for telephone harassment, involving women from previous relationships. The first conviction was in 1988 and the second was in 1997. On cross-examination, he acknowledged only two prior convictions, each for telephone harassment. However, when the State offered evidence of a third conviction for aggravated menacing, Ganelli admitted that he had three convictions. The aggravated menacing was a part of the 1997 case.
 {¶ 8} Ganelli's former girlfriend also testified that "He's a great father [and] coach." She further stated, "He's always there for the people, you know, his friends, and that's how I know him." The jury returned a guilty verdict on both counts of telephone harassment, and the court found Ganelli guilty of the prior offense specifications. The trial court imposed a prison term of six months on each count, to run concurrently.
 {¶ 9} Ganelli appeals, raising five assignments of error.
 {¶ 10} In his first two assignments of error, Ganelli challenges the manner in which the trial court allowed evidence of his prior convictions to be introduced and the court's failure to provide a limiting instruction after such evidence was admitted. He argues that this testimony, coupled with the trial court's refusal to provide a proper jury instruction, was so prejudicial that it denied him a fair trial. We agree.
 {¶ 11} In the instant case, the State elicited testimony from Det. Funk that the police relied on Ganelli's two prior convictions as corroborating evidence for Ganelli's arrest on the underlying charges. The trial court allowed this evidence on the basis that the defense had purportedly "opened the door" on cross-examination of Det. Funk through the following questioning:
{¶ 12} "Q. And all of your investigation, whatever you did, was fueledby what she said to you, or what she gave you?
 {¶ 13} A. Correct.
 {¶ 14} Q. All right. You had — other than mom, you had no otherindependent corroboration to bring into your investigation at all, didyou, Detective? Yes or no.
 {¶ 15} THE COURT: You can answer. * * *
 {¶ 16} A. Yes, there was other corroborating evidence."
 {¶ 17} On redirect, the State elicited testimony that the police relied on Ganelli's two prior convictions as corroborating evidence of the victim's accusations.
 {¶ 18} The State argues that the evidence was properly admitted as "other acts" evidence pursuant to Evid.R. 404(B). It claims that the evidence was admissible to show Ganelli's "scheme, plan, or system." However, the record reveals that the State did not offer this evidence for such a purpose. The State elicited this evidence for the purpose of establishing what "corroborating evidence" the police relied on in pursuing their investigation against Ganelli. Further, the court allowed this evidence because it found that defense counsel had "opened the door." The State never claimed that this evidence was being offered for the purpose of "other acts" evidence nor did the trial court admit the evidence on this basis. In fact, the trial court precluded the detective from testifying as to the facts of the other offenses.
 {¶ 19} Moreover, this evidence does not meet the requirements for admission under Evid.R. 404(B). Ganelli's two prior convictions in 1988 and 1997 occurred many years before the underlying offenses and involved different victims. Arguably, there appears to be a pattern of his making threatening phone calls following a failed relationship. However, those offenses are far removed from the 2003 phone calls and the record is unclear as to the specific circumstances surrounding the earlier offenses. See State v. Williams (1988), 55 Ohio App.3d 212. Accordingly, we find no merit to the State's assertion that this evidence was properly admitted as "other acts" evidence.
 {¶ 20} We further disagree with the trial court's assessment that defense counsel "opened the door" to questions concerning Ganelli's prior convictions. It is well-settled that evidence of prior convictions is prohibited except in narrowly tailored circumstances. As noted by the Ohio Supreme Court in State v. Allen (1987), 29 Ohio St.3d 53, 55, "[t]he existence of a prior offense is such an inflammatory fact that ordinarily it should not be revealed to the jury unless specifically permitted under statute or rule." Given the prejudicial nature of prior convictions, especially when the conviction is for the same crime with which the defendant is presently charged, courts must exercise extreme caution in admitting such evidence. The concern lies with the natural tendency of a jury to find a defendant guilty based on past misconduct rather than limiting its attention to the offense at hand. Allen, supra.
 {¶ 21} In the instant case, defense counsel never inquired as to any prior convictions; rather, he asked the detective whether he had any independent, corroborating evidence to support Ganelli's arrest. In allowing Det. Funk's testimony, the jury was told that Ganelli's prior arrests for telephone harassment served as corroborating evidence of his guilt in the underlying offenses. Thus, the jury was informed of Ganelli's prior convictions of telephone harassment, and, even more disturbing, the evidence was admitted as proof of Ganelli's guilt in the instant case. Clearly, the admission of such evidence contravened the rules of evidence and unfairly prejudiced Ganelli. Thus, the trial court abused its discretion in admitting the testimony in this manner.
 {¶ 22} Moreover, we find that the trial was further tainted when the prosecutor improperly argued that Ganelli's prior convictions were corroborating evidence of his guilt in the instant case. During closing argument, the prosecutor stated:
"I am going to tell you why the defendant would do this. The answer isbecause this is what he does to his ex-girlfriends.
 This is what the defendant does to his ex-girlfriends. And here's theproof of that. Here's the corroboration to show you that."[1]
 {¶ 23} The prosecutor's comments compounded the error that the trial court made in admitting Det. Funk's testimony. Once again, the jury was told that Ganelli's prior convictions constituted corroborating evidence that he committed the underlying offenses. We find that this repeated representation to the jury was overly prejudicial and denied Ganelli a fair trial.
 {¶ 24} On appeal, Ganelli does not dispute that the State should have been permitted to introduce evidence of his prior convictions. In fact, both parties acknowledge that the trial court erred in severing the furthermore clauses, which constituted a material element of each offense, i.e., prior conviction. This court has repeatedly held that a "prior conviction must be proven to the jury if it is an essential element of the offense which increases the degree of the offense." State v.Arnold (Jan. 24, 2002), Cuyahoga App. No. 79280, citing State v. Allen
(1987), 29 Ohio St.3d 53, 54; State v. Nievas (1997),121 Ohio App.3d 451; State v. Mitchell (Dec. 5, 1996), Cuyahoga App. Nos. 67490 and 67491. The court cannot bifurcate the proof of this element of the offense nor take judicial notice of the element. Id. Rather, the jury, not the trial court, must determine the existence of a prior conviction as a factual matter before the trial court can impose a greater punishment. Id.
 {¶ 25} Nevertheless, Ganelli does not raise this as an error because he initially requested the bifurcation. However, the purpose of his request was to keep the evidence of his prior convictions away from the jury because of the prejudicial effect. Once the evidence was admitted, Ganelli then asked the court to provide a limiting instruction and to advise the jury that the evidence could be used only for establishing an element of the offense, i.e., prior conviction, and not for the purpose of proving that he acted in conformity therewith and committed the underlying offenses.[2]
 {¶ 26} At that point, the trial court had an opportunity to correct its prior erroneous ruling, which bifurcated the prior conviction element, but the court refused. We find that such a refusal deprived Ganelli of a fair trial, especially after the evidence of prior convictions had been admitted as "corroborating evidence" of his guilt in the instant case. At the very least, the trial court should have instructed the jury that such evidence was to be used solely to determine whether the State proved the element of the prior conviction. See Statev. Moissis, Lake App. No. 2000-L-187, 2002-Ohio-4955, ¶ 38; State v.Rivera (1994), 99 Ohio App. 3d 325, 330. Cf., also, State v. Boyle,
Portage App. Nos. 2003-P-0027, 2003-P-0028, and 2003-P-0029, 2004-Ohio-1531, ¶ 29-30 (trial court must provide limiting instruction when admitting prior conviction for impeachment purposes); State v.Goney (1983), 87 Ohio App.3d 497. Its failure to do so constitutes reversible error.
 {¶ 27} We find no merit to the State's contention that the trial court's refusal to provide a limiting instruction constitutes harmless error under Crim.R. 52(A). In order to find an error harmless, a reviewing court must be able to declare a belief that the error was harmless beyond a reasonable doubt. State v. Lytle (1976),48 Ohio St.2d 391, 403. A reviewing court may overlook an error where the admissible evidence comprises "overwhelming" proof of a defendant's guilt. State v. Williams (1983), 6 Ohio St.3d 281, 290. "Where there is no reasonable possibility that unlawful testimony contributed to a conviction, the error is harmless and therefore will not be grounds for reversal." State v. Brown, 65 Ohio St.3d 483, 485, 1992-Ohio-61.
 {¶ 28} In the instant case, the issue of Ganelli's guilt turned on the credibility of the witnesses. There was no independent, neutral evidence connecting Ganelli to the underlying offenses. None of the alleged calls were recorded or traced to him. Rather, the State's case rested on the testimony of the victim, her mother, and her friend. However, given the pending indictment against the victim and her mother, their motive and credibility could be questioned. Thus, under the circumstances of the instant case, we cannot say that the trial court's failure to provide any limiting instruction was harmless error.
 {¶ 29} Accordingly, the first and second assignments of error are sustained. Based on our disposition of these two assignments of error, the remaining assignments of error involving other evidentiary rulings and sentencing are moot.
Judgment reversed; case remanded for a new trial.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee the costs herein. It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J. Concurs;
Dyke, P.J. Dissents (see separate Dissenting opinion)
[1] Ganelli indicates in his brief that, in making this assertion, the prosecutor was referring to the certified copies of his previous convictions.
[2] Significantly, the prosecutor repeatedly sought to present evidence of the prior convictions and requested that the jury, not the trial court, determine whether the State satisfied its burden on this element of the offenses.