OPINION *Page 2 
{¶ 1} Defendant-appellant, Rodney L. Tatum, appeals his conviction and sentence from the Stark County Court of Common Pleas on one count of domestic violence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 3, 2008, the Stark County Grand Jury indicted appellant on one count of domestic violence in violation of R.C. 2919.25(A), a felony of the third degree. The indictment alleged that appellant previously had pleaded guilty to or been convicted of two or more violations of R.C. 2919.25. At his arraignment on June 6, 2008, appellant entered a plea of not guilty to the charge.
 {¶ 3} A jury trial commenced on July 17, 2008. Prior to opening statements, counsel for appellant and for appellee indicated on the record to the trial court that they were stipulating to appellant's prior convictions. Appellee stated to the trial court that "[a]t the appropriate time I'll read that into the record." Trial Transcript at 6.
 {¶ 4} At the conclusion of appellee's witnesses, the following discussion took place on the record:
 {¶ 5} "MS. DAVE: It's the State's understanding that Defense will stipulate that Rodney Lynn Tatum has previously been convicted of two counts of domestic violence both in Canton Municipal Court; first one Case 2000-CRB-4506 on or about November 7, 2000, and Case Number 1996-CRB-1724 on or about May 30, 1996. . . .
 {¶ 6} "THE COURT: And then is that the stipulation as you understand it?
 {¶ 7} "MR. WAKSER: That is, Your Honor. *Page 3 
 {¶ 8} "THE COURT: Do you all want me to read that stipulation as Attorney Dave just read it into the record at some point to the jurors?
 {¶ 9} "MS. DAVE: Yes, Your Honor.
 {¶ 10} "MR. WAKSER: That would be fine.
 {¶ 11} "THE COURT: And we will do that before closing arguments.
 {¶ 12} "MS. DAVE: Okay.
 {¶ 13} "THE COURT: With that then, State of Ohio is resting. Attorney Wakser. Trial Transcript at 201-202.
 {¶ 14} After his oral motion for judgment of acquittal was denied by the trial court, counsel for appellant rested without calling any witnesses. Before closing arguments, the trial court advised the jury that counsel had stipulated that appellant previously had been convicted of two counts of domestic violence.
 {¶ 15} At the conclusion of the evidence and the end of deliberations, the jury, on July 17, 2008, found appellant guilty of domestic violence. The jury further found that appellant had two prior domestic violence convictions. Pursuant to a Judgment Entry filed on July 29, 2008, appellant was sentenced to four years in prison.
 {¶ 16} Appellant now raises the following assignment of error on appeal: "THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING THE DEFENDANT'S RULE 29 MOTION FOR ACQUITTAL BECAUSE THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE OF DEFENDANT'S PRIOR DOMESTIC VIOLENCE CONVICTIONS." *Page 4 
 I {¶ 17} Appellant, in his sole assignment of error, argues that the trial court erred by denying appellant's Crim. R. 29 Motion for Acquittal. Appellant specifically argues that such motion should have been granted because the "jury could not have found [appellant] guilty of a felony-level domestic violence because the jury had not heard any evidence or stipulation of the [appellant's] prior conviction." Appellant notes that the stipulation was not presented during the State's case-in-chief.
 {¶ 18} Crim. R. 29 governs motions for acquittal. Subsection (A) states the following: "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 19} The standard to be employed by a trial court in determining a Crim. R. 29 motion is set out in State v. Bridgeman (1978),55 Ohio St.2d 261, 381 N.E.2d 184, syllabus: "Pursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 20} Appellant, in the case sub judice, was convicted of felony domestic violence in violation of R.C. 2919.25(A). R.C. 2919.25 states, in relevant part, as follows: *Page 5 
 {¶ 21} "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member. . . .
 {¶ 22} "(D)(1) Whoever violates this section is guilty of domestic violence . . .
 {¶ 23} "(4) If the offender previously has pleaded guilty to or been convicted of two or more offenses of domestic violence or two or more violations or offenses of the type described in division (D)(3) of this section involving a person who was a family or household member at the time of the violations or offenses, a violation of division (A) or (B) of this section is a felony of the third degree, and a violation of division (C) of this section is a misdemeanor of the first degree."
 {¶ 24} Although not on point, we find the case of State v. Smith, Cuyahoga App. No. 90476, 2008-Ohio-5985 to be instructive. In such case, the appellant argued that the trial court had erred when it sentenced him for a count of domestic violence as a felony of the fourth degree when the jury verdict was a finding of guilt as to a misdemeanor count of domestic violence. In overruling appellant's argument, the court, inSmith, held, in relevant part, as follows: "In this case, the defendant stipulated to the prior conviction [for domestic violence] and urged the court to exclude any evidence of it from the jury, arguing that it was unnecessary for the jury to make the prior conviction finding. Based upon the defense objections and stipulation, the trial court did not submit evidence or instruct the jury as to the prior conviction element necessary for a felony domestic violence conviction. Although the trial court should have informed the jury of the stipulation and their duty to make the required finding, `defendant is not permitted to take advantage of an error which he himself invited or induced the trial court to make.' *Page 6 
 Id., quoting State v. Nievas (1997), 121 Ohio App.3d 451 at 455-56,700 N.E.2d 339." Id at paragraph 57.
 {¶ 25} In contrast to the above case, the jury was advised that counsel had stipulated that appellant had two prior convictions for domestic violence. Although the jury was not so advised during the State's case-in-chief, we note that appellant agreed that the trial court would read the stipulation to the jury just before closing arguments. The trial court did so. Appellant, therefore, invited any error as to the timing of the stipulations and cannot now take advantage of an error that he himself induced or invited.
 {¶ 26} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 27} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
 Edwards, J. Farmer, P.J. and Gwin, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1