The STATE of Ohio, Appellee,

v.

SMITH, Appellant.

[Cite as *State v. Smith* (2000), 136 Ohio App.3d 343.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72089.

Decided Jan. 3, 2000.

*William D. Mason*, Cuyahoga County Prosecuting Attorney, *L. Christopher Frey* and *Michael D. Horn*, Assistant Prosecuting Attorneys, for appellee.

*Paul F. Adamson, James R. Willis*, for appellant.

*Paul A. Smith, pro se.*

TIMOTHY E. McMONAGLE, Presiding Judge.

In *State v. Smith*, Cuyahoga County Court of Common Pleas case No. CR–344957, a jury found appellant guilty of felonious assault. In *State v. Smith* (June 18, 1998), Cuyahoga App. No. 72089, unreported, 1998 WL 323545, this court affirmed the judgment of conviction and overruled the four assignments of error asserted by appellant's counsel as well as the assignment of error in appellant's *pro se*, supplemental brief. The Supreme Court of Ohio dismissed appellant's appeal to that court for the reason that no substantial constitutional question existed and overruled appellant's motion for leave to appeal. *State v. Smith* (1999), 84 Ohio St.3d 1447, 703 N.E.2d 326. The same counsel represented appellant at trial, before this court and before the Supreme Court of Ohio.

Appellant also filed a petition for writ of certiorari in the Supreme Court of the United States that was granted in *Smith v. Ohio* (1999), 527 U.S. 1018, 119 S.Ct. 2364, 144 L.Ed.2d 769. The Supreme Court of the United States vacated this court's judgment and remanded the case to this court for further consideration in

light of *Lilly v. Virginia* (1999), 527 U.S. 116, 119 S.Ct. 1887, 144 L.Ed.2d 117 (holding that the admission into evidence of an untested confession made by the defendant's brother after he invoked his Fifth Amendment privilege violated the defendant's Confrontation Clause rights).

Appellant also filed a petition for postconviction relief in case No. CR–344957. The court of common pleas denied the petition for postconviction relief as untimely. Appellant's appeal of that decision is pending before this court as case No. 75793.

Appellant filed an application for reopening under App.R. 26(B), which this court granted in *State v. Smith* (June 18, 1998), Cuyahoga App. No. 72089, unreported, 1998 WL 323545. In granting the reopening, this court limited the issues on appeal to the error assigned in the application for reopening:

"Appellant Smith was denied due process in imposition of the maximum sentence for felonious assault and in sentencing as a 'repeat violent offender' under O.R.C. § 2941.14, in contravention of his Fifth and Fourteenth Amendment rights under the United States Constitution."

The parties have filed briefs regarding this assignment of error. For the reasons stated below, we hold that this assignment of error is not well taken.

On direct appeal, this court summarized the facts that gave rise to appellant's prosecution in this case as follows:

"The record reflects that on August 1, 1996, Iris Wilson drove Paul Smith around all day in an effort to collect a $500,000 drug debt from 'Bootsie,' a.k.a. Mock Rogers; later that evening, Smith saw Kenyatta Wells, a singer named Shantell Jones, and Rogers leave the Calypso Bar, located at Lakeshore and St. Clair Avenue, in Cleveland, and drive away in Wells' pickup truck. Smith and Wilson followed them, and when Wells reached the intersection of Lakeview Avenue and Dupont, she yelled, 'Bootsie.' Wells drove on, but when he reached the next light, Wilson again yelled, 'Bootsie, somebody wants to see you.' At that point, Smith exited the car, walked over to the passenger side of Wells' truck, shot out the window, put his hand into the vehicle, and shot Wells in the right calf." *State v. Smith* (June 18, 1998), Cuyahoga App. No. 72089, unreported, 1998 WL 323545.

The trial court imposed a sentence comprised of the following consecutive terms: eight years on felonious assault under R.C. 2903.11, the maximum for a second-degree felony under R.C. 2929.14(A)(2) three years for having a firearm under R.C. 2929.14(D)(1)(a)(i) and nine years as a repeat violent offender under R.C. 2929.14(D)(2)(b).

■ Appellant contends that the record does not contain sufficient evidence to support the imposition of the maximum sentence for felonious assault and an additional near-maximum sentence as a repeat violent offender (*i.e.*, 9 years additional incarceration out of a possible 10 years maximum). Appellant also argues that the trial court's remarks at sentencing are not sufficient to comply with the requirements of R.C. 2929.14(D)(2)(b).

■ Appellant challenges the propriety of the repeat violent offender determination on the ground that the record does not include evidence of prior convictions. Although appellee argues that the presentence report provides a basis for the sentence imposed by the trial court, appellant contends that the presentence report is not part of the record.

R.C. 2953.08(A)(1)(a) authorizes a defendant who is convicted of a felony to appeal, as a matter of right, a sentence imposing the maximum term allowed under R.C. 2929.14(A) for only one offense. R.C. 2953.08(F) provides:

"On the appeal of a sentence under this section, the record to be reviewed shall include all of the following, as applicable:

"(1) Any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed."

Contrary to appellant's contention, the presentence report *is* part of the record in this appeal.

The presentence report indicates that appellant's record includes the following prior convictions in Florida: aggravated assault with a deadly weapon with a count of a weapon in a public place, smuggling marijuana, and aggravated assault with a count of battery (the indictment information indicated that appellant attacked another inmate with a homemade knife at a Florida correctional institution). Appellant does not contend that the history set forth in the presentence report is inconsistent with the trial court's finding that appellant is a repeat violent offender. Indeed, appellant's trial counsel acknowledged that he had read the presentence report "and I can't contest any of the factual aspects that are contained therein." Rather, appellant merely asserts that evidence of appellant's prior convictions is not part of the record. Yet, as noted above, R.C. 2953.08(F) requires that the presentence report be part of the record.

Additionally, appellee argues that appellant's trial counsel stipulated to the repeat violent offender specification during the following colloquy that occurred after trial and before sentencing:

"THE COURT: * * * It's my understanding that once again that there was a stipulation as to the repeat violent offender specification, Revised Code 2929.01, Subsection EE. There was [*sic*] two of those specifications. * * *

"MR. WILLIS [appellant's trial counsel]: That is correct, you Honor."

At sentencing, the trial court also stated:

"THE COURT: * * * We are here for the purposes of sentencing, the defendant having been found guilty by a jury of felonious assault in violatin [*sic* ] of Ohio Revised Code 2903.11. Also being found that he did have a firearm on or about his person. And it was stipulated to, with respect to the repeat violent offender specification, that he has a prior conviction and was a repeat violent offender."

Trial counsel did not object to the trial court's characterization of the record as including a stipulation that appellant was a repeat violent offender.

Yet, appellant notes that another colloquy occurred before trial:

"MR. HORN [assistant prosecuting attorney]: * * * [A]t the last pre-trial we did * * * show Mr. Willis the journal entries of these prior convictions. And I would ask him at this time if we would, if necessary, if it comes down to sentencing, if he would stipulate to their authenticity * * *.

" * * *

"MR. WILLIS: We have no objection, your Honor. I was told about these situations. I have no objection to these certified documents.

"THE COURT: Very good.

"MR. WILLIS: Think they are self-authenticating anyway.

"THE COURT: Nevertheless, they are stipulated to."

R.C. 2929.01(EE) defines "repeat violent offender." The record is clear that, after trial, trial counsel stipulated to the finding that appellant was a repeat violent offender. Trial counsel's stipulation to the authenticity of the sentencing records before trial merely eliminated the requirement of laying the foundation for admitting those records into evidence.

Additionally, trial counsel specifically requested that the trial court bifurcate the proceedings in order to prevent the jury from hearing testimony regarding appellant's prior convictions. In *State v. Nievas* (1997), 121 Ohio App.3d 451, 700 N.E.2d 339, the indictment contained specifications that enhanced the degree of the appellant's drug trafficking and permitting drug abuse charges because of his prior conviction of attempted drug trafficking. On appeal, appellant argued that the trial court's bifurcating the trial denied him his right to trial by jury because the trial court alone ruled on an essential element of the crime, *i.e.*, the prior conviction.

"[W]hile it may have been error for the trial court to separate proof of appellant's prior conviction from the remainder of the elements of the charged

offenses, it was appellant who requested the bifurcation in order to avoid the prejudicial effect inherent in having the jury exposed to appellant's past felony background. Appellant willingly stipulated the existence of the prior conviction for this very reason. 'Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make.' *State ex rel. Bitter v. Missig* (1995), 72 Ohio St.3d 249, 254, 648 N.E.2d 1355, 1358; *State v. Hayes* (Sept. 5, 1996), Cuyahoga App. No. 70052, unreported, 1996 WL 502146; but, see, *State v. Mitchell* (Dec. 5, 1996), Cuyahoga App. Nos. 67490 and 67491, unreported, 1996 WL 695665." *Id.* at 455–456, 700 N.E.2d at 342–343.

Likewise, in this appeal, trial counsel wished to avoid presenting evidence of appellant's prior convictions to the jury. He acknowledged the authenticity of records reflecting those convictions and, after trial, stated on the record that the trial court was correct in concluding that the defense had stipulated to the finding that appellant was a repeat violent offender as defined in the Revised Code.

The record contradicts appellant's assertions. That is, the presentence report is necessarily part of the record under R.C. 2953.08(F). Additionally, trial counsel did stipulate that appellant was a repeat violent offender as defined in the Revised Code. We hold, therefore, that the record does contain sufficient evidence to support the imposition of the maximum sentence for felonious assault and an additional near-maximum sentence as a repeat violent offender.

■ Appellant also argues that the trial court's remarks at sentencing were not sufficient to comply with the requirements of R.C. 2929.14(D)(2)(b), *supra,* which authorizes the imposition of an additional definite term if the court imposes the maximum term on a repeat violent offender.

This court summarized the standard of review for a case in which a trial court imposed the maximum sentence in *State v. Sherman* (May 20, 1999), Cuyahoga App. No. 74297, unreported, 1999 WL 328612.

"Senate Bill 2 provides that an appellate court must review a trial court's decision and its reasons for imposing the maximum sentence upon an offender. *State v. Banks,* 1997 Ohio App. LEXIS 5201 (Nov. 20, 1997), Cuyahoga App. No. 72121, unreported, 1997 WL 723309. Under R.C. 2953.08(G)(1), the trial court record must affirmatively support the sentence. Furthermore, according to R.C. 2929.19(B)(2)(d), the trial court shall impose a sentence and shall make a finding that gives its reasons for imposing the maximum prison term for a single offense. See *Banks, supra.*"

■ As part of our review, therefore, we must consider the reasons articulated by the trial court in order to determine whether the record is consistent with the sentence.

R.C. 2929.14(C) limits the imposition of a maximum sentence, *inter alia*, "to certain repeat violent offenders in accordance with division (D)(2) of this section." R.C. 2929.14(D)(2)(b) authorizes the imposition of an additional definite term if the court imposes the maximum term on a repeat violent offender and provides:

"If the court imposing a prison term on a repeat violent offender imposes the longest prison term * * *, the court may impose on the offender an additional definite prison term [of one to ten years] if the court finds that both of the following apply with respect to the prison terms imposed on the offender pursuant to division (D)(2)(a) of this section [repeat violent offender] and, if applicable, divisions (D)(1) [having a firearm] and (3) [major drug offender]:

"(i) The terms so imposed are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.

"(ii) The terms so imposed are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense."

The trial court engaged in a limited colloquy with defendant and counsel at the time of sentencing. After counsel for appellant and the state presented arguments regarding the sentence, the court made the following statement:

"The Court has likewise, obviously, heard the testimony in the underlying case as well as I have had an opportunity to review the pre-sentence investigative report.

"In reviewing the factors to be considered under Senate Bill Two the Court finds that there is a high likelihood of recidivism. The defendant has an extensive record which involves various prior cases, an aggravated assault with a deadly weapon, smuggling marijuana, another aggravated assault with a count of battery, as well as physical harm on prior occasions with weapons.

"In this case he caused physical harm with a gun. It was a serious crime and factors with respect to recidivism is [*sic* ] likely."

This court's analysis of the propriety of the findings required for the imposition of a maximum sentence is instructive.

"The relevant provision of R.C. 2929.14(C) for imposing the maximum prison sentence in this case is that defendant posed the greatest likelihood of committing future crimes. To impose the maximum sentence, there must be a finding on the

record that the offender posed the greatest likelihood of recidivism. See *State v. Banks* (Nov. 20, 1997), Cuyahoga App. No. 72121, unreported, 1997 WL 723309; *State v. Beasley* (June 11, 1998), Cuyahoga App. No. 72853, unreported, 1998 WL 308102. We do not require the court to utter any 'magic' or 'talismanic' words, but it must be clear from the record that the court made the required findings. See *State v. Stribling* (Dec. 10, 1998), Cuyahoga App. No. 74715, unreported, 1998 WL 855598." *State v. Nichols* (Aug. 19, 1999), Cuyahoga App. Nos. 74732 and 74733, unreported, 1999 WL 632916. See, also, *State v. Sherman* (May 20, 1999), Cuyahoga App. No. 74297, unreported, 1999 WL 328612 ("[T]he trial court need not use the exact language of R.C. 2929.14(C) during sentencing. Even though a clear statement of its findings would be a better practice as an aid for appellate review, such a statement is not required."); *State v. Carrabotta* (May 20, 1999), Cuyahoga App. No. 75148, unreported, 1999 WL 328613 ("While an express statement of the particular fact or facts that caused the court to impose the maximum prison term under R.C. 2929.14(C) would facilitate appellate review, we are satisfied from our review of this record that the court sufficiently identified its reasons for imposing the maximum prison term by reference to the seriousness of the appellant's offense and the likelihood that he would commit future crimes.").

At sentencing in this case, the trial court observed that he had reviewed the presentence report and that appellant had an extensive record including aggravated assaults and physical harm with weapons. The trial court also specifically observed "In reviewing the factors to be considered under Senate Bill Two the Court finds that there is a high likelihood of recidivism." Additionally, the trial court stated: "In this case [defendant-appellant] caused physical harm with a gun. It was a serious crime and factors with respect to recidivism is [*sic* ] likely." *Id.*

We hold that the trial court's statements were sufficient to discharge its duty upon sentencing. The trial court stated that it considered the requisite factors and found a high likelihood of recidivism as well as that this case involved a serious crime. Although the trial court's expression of its findings would have been more helpful on appellate review if it had been more detailed and systematic, the record in this case does not require reversal.

"We take this opportunity to note that a court's duty when imposing a maximum sentence is not onerous. The sentencing statutes permit the court to impose a maximum sentence when, among things [*sic* ], the offender commits the worst form of the offense or poses the greatest likelihood of committing future crimes. It seems to us to be a small matter for the courts to state expressly the basis for imposing the maximum sentence and the reasons justifying that basis. We do not mean to suggest that the courts must utter 'magic words' when

imposing sentence, but the new sentencing statutes were meant to clarify procedure, not muddle it. Many appeals to this court could have been avoided if the courts were more explicit during sentencing." *Nichols, supra.*

Accordingly, appellant's assignment of error is overruled.

*Judgment affirmed.*

ROCCO and MICHAEL J. CORRIGAN, JJ., concur.