JOURNAL ENTRY AND OPINION
Defendant-appellant Claude Franklin aka Rahman appeals from his jury convictions for possession of drugs and preparation of drugs for sale.
Cleveland police officers received an anonymous complaint about illegal drug sales from a grey pickup truck at East 131st Street and Ferris Avenue. Officer Perkins placed the area under surveillance and within ten minutes observed what appeared to be a drug transaction involving an exchange with a pedestrian. Perkins called for backup. The pedestrian entered the truck, which sped off as the backup arrived.
Officers Clark and Barrow provided backup and pulled over the grey pickup truck. Clark observed defendant making furtive movements during the chase and as he approached the door to the driver's side of the vehicle. Defendant was holding a towel in his hands. Immediately below his hands on the dashboard was a plastic bowl containing 17 rocks of crack cocaine. He also had $795 in cash in his possession. Clark's partner, Barrow, observed the passenger with a crack-pipe in his hands. Barrow did not state that the crack belonged to him, although at trial he testified that it did.
The jury found defendant guilty of possession of drugs and preparation of drugs for sale. The trial court sentenced defendant to serve consecutive eighteen-month sentences on the two counts. Defendant appeals, raising fifteen assignments of error.
 I
Defendant's first and second assignments of error stem from his motion to suppress, as follows:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN DEFENDANT WAS REQUIRED TO GO FORWARD ON THE MOTION TO SUPPRESS. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED HIS MOTION TO SUPPRESS.
These assignments lacks merit.
Defendant argues for the first time on appeal that the trial court ordered him, rather than the state, to proceed with evidence on his motion to suppress. Defendant's motion sought to suppress evidence and, in addition, to recover property taken from him at the time of his arrest. Defendant also challenges the trial court's denial on the merits of his motion to suppress the seventeen rocks of crack cocaine.
At the outset of the hearing on defendant's motion, the following occurred:
 THE COURT: You can call your first witness. [PROSECUTOR]: Thank you. The State will call Officer Clark to the stand.
 TRIAL COURT: Well, it is not your motion counselor. I'm talking to the defense. It's their motion if they want to call a witness. Mr. Wade. [DEFENSE COUNSEL]: I call Patrolman Clark to the stand, please.
Counsel for the parties thereafter had a full opportunity to question the witness.
Defendant's new counsel on appeal now complains that defendant was required to call the witness, but does not complain that trial counsel's questioning was restricted in any way. As noted by defendant, when a defendant adequately demonstrates that a search occurred without a warrant and provides the specific basis for his challenge, the state bears the burden of going forward with evidence. City of Xenia v. Wallace (1998), 37 Ohio St.3d 216, syllabus paragraph two.
We note that in the case at bar, however, defendant's two-part motion also sought to recover certain property. Typically movants bear the burden of going forward on their motions and defendant may have borne the burden of going forward on this second aspect of his motion. While the trial court may have erred by requiring defense counsel to call the witness whom the prosecutor had already also called as a witness we find no reversible error.
The record shows that defendant's trial counsel did not raise any objection during the hearing when the trial court could have formally corrected any error. Even now on appeal, defendant has not argued or shown any prejudice arising from the order or sequence of questioning of the officer. The record shows that the witness testified and both the prosecution and defendant elicited from him what they desired the court to consider. Under the circumstances, defendant has shown no basis for reversal on this procedural error.
Defendant's challenge to the denial of his motion to suppress likewise lacks merit. The record shows the police had at least a sufficient reasonable suspicion to warrant the traffic stop. As noted above, Officer Clark was called as backup to make an arrest after defendant was observed making an illegal drug sale to a pedestrian. While conducting surveillance in the area, Officer Perkins specifically observed defendant, the driver, make what appeared to be a drug sale. The pedestrian customer jumped in the vehicle which sought to flee the scene.
Officer Clark saw defendant make a series of furtive movements, told defendant to put his hands up, and saw in plain view an open plastic bowl containing 17 rocks of crack on the vehicle dashboard where defendant's hands had been. Under the circumstances, defendant has failed to show that the trial court erred by denying his motion to suppress.
Accordingly, defendant's first and second assignments of error are overruled.
 II
Defendant's third assignment of error asserts that the prosecution presented improper other acts evidence:
 DEFENDANT WAS DENIED A FAIR TRIAL WHEN EVIDENCE OF DRUG SALES WAS OFFERED AND OTHER IMPROPER EVIDENCE WAS PRESENTED.
This assignment lacks merit.
Defendant contends that the prosecution presented improper evidence that the surveillance was conducted in response to an anonymous tip, that a police radio broadcast identified defendant and his vehicle, and that an officer observed defendant engaged in what he believed to be an illegal drug sale. He contends this information constitutes other acts evidence prohibited by Evid.R. 404(B) because he was not charged with these prior sales.
Evid.R. 404(B) provides as follows:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
Defendant has not shown that the prosecution introduced any of the challenged information to prove his character or that he had a propensity to act consistent with that character. The record shows that the information was presented to provide background to explain their investigation. Moreover, evidence regarding illegal drug sales made by a driver from his vehicle shows both his knowing possession of illegal drugs and his preparation of them for sale by knowingly transporting them when he had reason to believe they were intended for sale. Even if the information constituted other acts evidence as defendant contends, however, it was admissible to show defendant's motive, opportunity, intent, preparation, plan, knowledge, and/or identity.
Accordingly, defendant's third assignment of error is overruled.
 III
Defendant's fourth through eighth assignments challenge the trial court's jury instructions, as follows:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT AMENDED THE INDICTMENT BY INSTRUCTING ON CONSTRUCTIVE POSSESSION.
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT GAVE AN UNCONSTITUTIONAL INSTRUCTION CONCERNING PRESUMPTION.
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT DEFINE WHAT WAS MEANT BY CRACK COCAINE.
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT FAILED TO DEFINE TERMS IN ITS JURY INSTRUCTIONS.
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN DEFENDANTS [SIC] TESTIMONY WAS TO BE JUDGED DIFFERENTLY THAN OTHER WITNESSES.
These assignments lack merit.
Defendant argues that the trial court erred in its instructions to the jury. He objects specifically to the court's instruction on constructive possession, an instruction which allegedly erected a presumption against him, the failure of other instructions to define specific terms, and instructions concerning the evaluation of his testimony. Under the circumstances, we find no reversible error.
The record shows that defendant raised none of these specific objections prior to the submission of the case to the jury as required by Crim.R. 30(A). As a result, defendant waived these claims of error absent plain error. Crim.R. 52(B). Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. Plain error exists only when the outcome of the trial would have been different. State v. Underwood (1983),3 Ohio St.3d 12, syllabus. Defendant has failed to satisfy these stringent standards in the case at bar.
Defendant's fourth assignment contends the trial court improperly instructed on constructive possession. The challenged excerpt from the trial court's instruction follows:
 Constructive possession is also sufficient to prove possession. Possession may not be inferred from mere access to the thing or substance; however, a person constructively possesses a thing when he knowingly exercises or is able to exercise dominion or control over the thing or substance or over the premises upon which the thing is found or concealed, even though the thing or substance is not in his physical possession.
Although defendant raised a general objection at trial, he offered no reason for his objection.
On appeal, defendant contends that the concept of constructive possession constituted an improper amendment to the indictment which charged him with possession. However, the Ohio Supreme Court has recognized that, as instructed by the trial court, possession may be actual or constructive. State v. Wolery (1976), 46 Ohio St.2d 316, 329. The trial court's instruction did not require amendment of his indictment and follows well established authority applying this concept when the defendant denies possession of the drugs found in plain view and close proximity to him at the time of his arrest. E.g., State v. Pruitt (1984),18 Ohio App.3d 50, 58.
Defendant's fifth assignment of error challenges the following instruction:
 Knowledge of illegal goods on one's property is sufficient to show constructive possession; however, the mere fact that property is located within premises under one's control does not, in itself, constitute constructive possession. It must be shown, also that the person was conscious of the presence of the object.
He contends for the first time on appeal that the instruction creates an improper presumption.
The record shows that the trial court properly instructed the jury it could find defendant knowingly possessed drugs if he constructively possessed them. The court instructed the jury that before it could convict defendant, it had to find that he was conscious that drugs were present in the vehicle on the dashboard immediately beneath his hands. Nothing in the instruction cited by defendant creates an improper presumption.
Defendant's sixth assignment complains the trial court did not define what crack cocaine was. Defendant not only failed to object or request such an instruction, but the forensic evidence presented was undisputed that the 17 rocks taken from the plastic bowl beneath his hands at the time of his arrest were crack cocaine. For these reasons we rejected this argument when raised by defendant's attorney in a prior case. State v. Rogers (May 21, 1998), Cuyahoga App. Nos. 72736 and 72737, unreported at 14.
Defendant's seventh assignment likewise complains the trial court did not define the terms administer or distribute. Defendant did not request any definition of either of these terms and the terms have commonly understood meanings. The outcome of defendant's trial would not have changed if the trial court had defined any of these terms.
Finally, defendant's eighth assignment complains that the jury was instructed to evaluate his testimony in a manner different from that of other witnesses. The trial court's instructions, however, provide to the contrary. Specifically, the trial court instructed the jury that it was the sole judge of the credibility of witnesses and the weight to be given their testimony. The court instructed the jury that, when evaluating a witness' testimony, it could consider, inter alia, any interest or bias the witness has in the outcome of the case * * *.
The trial court thereafter stated:
Now, the defendant testified in this case as a witness.
 You will weigh his testimony in the same manner that you weigh the testimony of other witnesses who appeared in the case. Just because he is the defendant is no reason for you to disregard and set aside his testimony. You will give his testimony the weight it is entitled to receive taking into consideration his interest in the outcome of the case, and apply to his testimony the same rules you apply to the testimony of other witnesses.
Defendant contends that the trial court improperly singled out his testimony for more rigorous scrutiny than that imposed on other witnesses. The above quoted instruction reveals, however, that the trial court gave balanced instructions and told the jury to apply the same standards to all the testimony in the case. Just as the trial court instructed the jury not to discount defendant's testimony because he was a defendant, the trial court also instructed the jury not to credit testimony by police officers because they were police officers.
The record shows that defendant did not object to the instruction at trial. Although we decline to express any opinion on the propriety of such an instruction in all cases, we conclude that defendant failed to show plain error or that the outcome of his trial would have been different without it.
Accordingly, defendant's fourth through eighth assignments of error are overruled.
 IV
Defendant's ninth and tenth assignments of error challenge the sufficiency of the evidence, as follows:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT GRANTED JUDGMENT OF ACQUITTAL AS TO THE OFFENSE OF POSSESSION OF A CONTROLLED SUBSTANCE.
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS CONVICTED OF PREPARATION OF DRUGS FOR SALE.
These assignments lack merit.
Defendant contends the prosecution did not present sufficient evidence that he possessed the drugs or that he prepared them for sale. However, when viewed in the light most favorable to the prosecution as we are required when evaluating the sufficiency of the evidence, the evidence presented was sufficient to show that defendant possessed crack and prepared it for sale. See State v. Jenks (1991), 61 Ohio St.3d 259, syllabus paragraph two.
The record shows that police officers responded to a complaint about illegal drug sales from a grey pickup truck and placed the area under surveillance. Within ten minutes, one officer observed defendant making an exchange with a pedestrian and conducting what appeared to him to be another illegal drug sales transaction. The passenger entered the truck as backup units arrived to investigate. Defendant began to drive away and made furtive movements in an attempt to conceal something. When the officer ordered defendant to put up his hands, the officer observed an open bowl containing crack cocaine on the dashboard immediately below where defendant's hands had been.
When viewed in the light most favorable to the prosecution, the evidence was sufficient to show that defendant possessed and sold crack from the bowl beneath his hands on the dashboard. The jury could properly find that defendant transported or prepared the drugs for shipment with reason to believe that the drugs were intended for sale. Defendant's culpability was not negated by the fact that his co-defendant, who had also already been convicted for possession, maintained that the drugs in the bowl were his.
Accordingly, defendant's ninth and tenth assignments of error are overruled.
 V
Defendant's eleventh assignment of error is as follows:
 DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHTS WHEN SEPARATELY AND CONSECUTIVELY SENTENCED UNDER A MULTIPLICITOUS INDICTMENT INVOLVING THE SAME SUBSTANCE.
This assignment lacks merit.
Defendant argues that the drug possession and preparation of drugs for sale charges constitute allied offenses. However, this court has repeatedly rejected this argument concerning the possession and sale of drugs under various drug statutes. See, e.g., State v. Gulino (May 27, 1999), Cuyahoga App. No. 75560, unreported; State v. Jolly (July 10, 1997), Cuyahoga App. No. 70482, unreported; see also State v. Rose (1997), 118 Ohio App.3d 864 . The Fifth District Court of Appeals recently rejected this argument in connection with similar drug charges (that is, preparation of marijuana for sale as well as possession of marijuana) under the current versions of R.C. 2925.07 and R.C. 2925.11. State v. Giblin (Dec. 5, 2000), Licking App. No. 00CA00033, unreported at 5-6.
Accordingly, defendant's eleventh assignment of error is overruled.
 VI
Defendant's twelfth and thirteenth assignments of error concern the substance crack cocaine he was convicted of possessing and preparing for sale, as follows:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THERE WAS A MATERIAL VARIANCE BETWEEN THE INDICTMENT AND PROOF AT TRIAL.
 DEFENDANT WAS DENIED DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAW WHEN THE SAME QUANTITY OF A CONTROLLED SUBSTANCE RESULTS IN DIFFERENT SENTENCES.
These assignments lack merit.
Defendant contends the prosecution failed to prove that the 17 rocks constituted crack cocaine. He also argues that stricter punishment for cocaine in the form of crack, as opposed to powdered form, is unconstitutional.
Defendant's twelfth assignment contends the prosecution proved only that he possessed cocaine rather than rocks of crack cocaine, which is a material variance from the indictment, such that all charges should be dismissed. R.C. 2925.01(GG) defines crack cocaine as follows:
 Crack cocaine means a compound, mixture, preparation, or substance that is or contains any amount of cocaine that is analytically identified as the base form of cocaine or that is in a form that resembles rocks or pebbles generally intended for individual use.
The testimony repeatedly referred to the drugs as 17 pieces which tested positive for cocaine. If the material were powdered cocaine as defendant contends, no one would have referred to 17 pieces instead of many small pieces of powder.
Defendant's thirteenth assignment complains that possession of crack cocaine is punished more severely than possession of powdered cocaine. This court already rejected this argument when raised by defendant's attorney in a prior case. State v. Rogers, supra at 15-16.
Accordingly, defendant's twelfth and thirteenth assignments of error are overruled.
 VII
Defendant's fourteenth and fifteenth assignments of error challenge the trial court's sentences, as follows:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS SENTENCED TO MAXIMUM, CONSECUTIVE SENTENCES.
 DEFENDANT WAS VINDICTIVELY SENTENCED TO CONSECUTIVE MAXIMUM SENTENCES FOR EXERCISING HIS RIGHT TO TRIAL.
These assignments of error lack merit.
Defendant contends that the trial court improperly ordered him to serve the maximum sentences for his convictions consecutively. He also argues that the trial court was vindictive and improperly imposed a harsher sentence because defendant exercised his right to a jury trial. Under the circumstances, defendant has not shown any error.
Defendant's fourteenth assignment complains about the maximum and consecutive nature of his sentences. The court recognized that defendant was a repeat offender with a long history of prior drug offenses who committed these offenses just after leaving prison. Although the trial court did not expressly use the terms greatest likelihood of committing future crimes, we have previously held that the failure to use these precise magic words does not preclude imposing the maximum sentence. E.g., State v. Smith (2000), 136 Ohio App.3d 343, 350. Under the circumstances, the trial court's determination is sufficient to impose the maximum sentence. R.C. 2929.14(C).
Defendant also argues that the trial court improperly ordered the two sentences to be served consecutively. R.C. 2929.14(E)(4). The trial court discussed defendant's lengthy prior criminal history, including drug offenses over more than a decade, and the fact that he never learned anything from his prior incarceration. The court concluded he was a hardened criminal who had demonstrated that he could not prevent himself from committing crimes in the future. While the court did not expressly describe the consecutive sentences as terms necessary and not disproportionate to describe the consecutive sentences, the tenor of its comments, its findings, and the evidence are sufficient to impose such a sentence.
Defendant's final fifteenth assignment claims that he was vindictively sentenced for exercising his right to trial. However, the record contains nothing to support this argument. The trial court concluded that defendant committed perjury during his trial by denying that he was caught red-handed conducting an illegal drug sale. The Ohio Supreme Court has held that trial courts may consider the defendant's untruthfulness during trial at the time of sentencing. State v. O'Dell (1989),45 Ohio St.3d 140, 146-148. Defendants have no federal or state constitutional right to lie at trial, id., and nothing in the Senate Bill 2 sentencing statutes changes these established principles. Because the trial court did not punish defendant for exercising his right to trial, but rather took into consideration his lack of truthfulness during trial, we find he failed to show any reversible error.
Accordingly, defendant's fourteenth and fifteenth assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________ KARPINSKI, P.J.:
JAMES D. SWEENEY, J., and MICHAEL J. CORRIGAN, J., CONCUR.