JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Michael Duktig appeals the trial court's imposition of a six month prison term for drug possession to run consecutively to a two-year burglary sentence. He argues the trial court failed to follow the statutory guidelines as set forth in R.C. 2929.12; furthermore, he argues that because the drug possession occurred before the burglary, the sentences for both could not be served consecutively. He assigns the following error for our review:
 {¶ 2} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT SENTENCED DEFENDANT-APPELLANT TO A DEFINITE SENTENCE OF SIX (6) MONTHS IN CASE NUMBER CR 402752 TO BE SERVED CONSECUTIVELY WITH A PREVIOUSLY ANNOUNCED TWO (2) YEAR SENTENCE OF INCARCERATION IN CASE NUMBER CR 400296 AND FAILED TO REVIEW ALL OF THE STATUTORY FACTORS ANNOUNCED IN R.C. 2929.12.
{¶ 3} Having reviewed the arguments of the parties and the pertinent law, we affirm the conviction of the trial court; however, we vacate the sentence, and remand the case for resentencing consistent with this opinion.
{¶ 4} On November 3, 2000, members of the Cleveland Police Department Vice Unit executed a search warrant for 3206 West 100th Street, Apartment 10 in Cleveland, Ohio. The police obtained the warrant based on information from a confidential informant of drugs being sold out of that apartment. Detective Johnson told the court, when he and other members of the vice unit entered the apartment, they saw Duktig run from either the living room or the bedroom into the bathroom. Duktig was observed trying to throw something out of his hand into the toilet. Johnson stated there was a struggle between Duktig and another officer. No drugs were found on Duktig; however, the police did recover a crack pipe from his person. Johnson further stated Duktig resisted arrest by flailing his arms and refusing to cooperate, and he appeared high at the time of arrest.
{¶ 5} Duktig was arrested and indicted on two counts of possession of drugs and entered a plea of not guilty. On April 2, 2001, pursuant to a plea agreement, Duktig pleaded guilty to one count of possession of drugs and the state nolled count two.
{¶ 6} Prior to sentencing, the court reviewed Duktig's criminal record and noted he was currently serving a two-year sentence for a burglary in Case Number CR-400296. Additionally, Duktig had been convicted of receiving stolen property in 1998, attempted possession of drugs and another burglary. He was released in September 2000. Duktig also has a criminal record in Naples, Florida, where he resides when he is not incarcerated in Ohio.
{¶ 7} The court imposed a sentence of six months to run consecutively to the two-year term previously imposed for the burglary charge.
{¶ 8} Duktig, at the outset, argues the trial court failed to review the R.C. 2929.12(C) seriousness and recidivism factors and failed to state in its journal entry that it had reviewed all of the R.C.2929.12(C) factors. In State v. Arnett,[1] the Supreme Court of Ohio specifically held the sentencing judge is not required to make R.C.2929.12(C) findings and is not required to use specific language to evidence it complied with the requisite factors. In substance, the Supreme Court has made it clear that as long as the record demonstrates the factors were considered, the sentence is not infirm. In our review of this record, the trial court made the following statement as to both recidivism and seriousness:
{¶ 9} THE COURT: * * *
 {¶ 10} * * * I still have to look at the danger this individual poses to the community, the threat he poses to the community. This is presumably (sic) type of crack dens he is going to visit * * *.
 {¶ 11} He's shown a pattern of criminal conduct, that shows that — — recidivism rate and recidivism likelihood is high, seriousness of the offense made higher by the fact he's just released from prison calls for further punishment.
{¶ 12} The trial court noted that another court had placed Duktig on probation for burglary. The state also informed the court that Duktig had a prior criminal record from Florida. As to other prior convictions, the state informed the court of Duktig's attempted receiving stolen property and an attempted drug possession. Accordingly, we conclude the trial court considered the R.C. 2929.12(C) factors.
{¶ 13} During the sentencing, the defense informed the court the drug possession charge occurred before the burglary charge and the latter court sentenced him before the drug possession sentence was imposed. Duktig argues these sentences cannot be served consecutively. We disagree.
{¶ 14} The only requirement for imposing a consecutive sentence is found in R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c).
{¶ 15} R.C. 2929.14(E)(4) requires the trial court to make certain findings before imposing a consecutive sentence, and R.C.2929.19(B)(2)(c) requires the court to give reasons for the R.C.2929.14(E)(4) findings. R.C. 2929.14(E)(4) states:
 {¶ 16} If multiple terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 17} (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 18} (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 19} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
{¶ 20} The trial court convicted Duktig for one count of drug possession after a plea agreement, which resulted in the state nolling the second count of drug possession. Drug possession is a fifth degree felony, which carries a minimum of six months to a maximum of 12 months incarceration. The trial court imposed the minimum 6 months and ordered it to run consecutively to the prior two-year burglary sentence that had previously been imposed.
{¶ 21} At the sentencing hearing, Duktig's lawyer asked the trial court to consider concurrent prison terms. The trial court made the following statement:
 {¶ 22} I don't know the circumstances. But — I still have to look at the danger this individual poses to the community, the threat he poses to the community. This is presumably (sic) type of crack dens he is going to visit, not selling bibles or on a friendly visit, guilty knowledge is by his statement I'll accept in the sense he took off running for the jon. (sic) He knew exactly what they were there for. It wasn't a social call when they came to knock the door down.
 {¶ 23} He's shown a pattern of criminal conduct, that shows that recidivism rate and recidivism likelihood is high, seriousness of the offense made higher by the fact he's just released from prison calls for further punishment.
{¶ 24} The trial court and defense counsel thereafter discussed whether R.C. 2929.14(E)(4) mandated concurrent sentences. The trial court concluded it did not.
{¶ 25} Although R.C. 2929.14(E)(4) does not mandate concurrent sentencing, it does specify findings that must be made when the trial court imposes multiple terms. R.C. 2929.14(E)(4) specifically mandates the trial court make three different findings. These findings, in short, encompass necessity, proportionality, and one of three statutory fact situations under R.C. 2929.14(E)(4)(a),(b), or (c).
{¶ 26} First, the trial court must find the multiple terms are necessary to protect the public or to punish the offender. Here, the trial court made this finding. Secondly, the trial court must find that the consecutive sentences are not disproportionate to both the seriousness of the offender's conduct and the danger the offender poses. This, the court did not do. Thirdly, the court must find that one of the statutory fact situations exists: (a) the offender committed the present crime while under the jurisdiction of the justice system; (b) the gravity of the present offense outweighs a single term, (c) the offender's pattern of criminal conduct requires multiple terms to protect the public from future crimes by the offender. This, the trial court did.
{¶ 27} Because the trial court failed to make findings as to the second tier and failed to give reasons for all three, we remand this matter for resentencing. We are mindful that we have held that no magic words are required when the trial court imposes a sentence under Senate Bill 2.[2] Although we have drawn this conclusion, we have been consistent that the trial court's findings must be detailed, systematic, and explicit.[3]
{¶ 28} The trial court and defense engaged in a discussion of whether R.C. 2929.14(E)(4) mandates concurrent sentencing, and we have held today that it does not. However, we conclude the trial court's discretion in sentencing is guarded, and it must adhere to R.C. 2929.14(E)(4) when imposing multiple terms consecutively.
{¶ 29} Additionally, our role as the reviewing court is not to interfere with the trial court's sentencing goals, but to review whether the trial court adhered to the sentencing guidelines. In imposing consecutive sentences, the court must be concerned not simply with the likelihood of further criminal conduct, but must focus on the nature of the harm that may be committed.[4] It is significant that R.C.2929.14(E)(4) uses the term `danger * * * to the public' rather than `likelihood of * * * future crime.'[5] We too find it significant that the General Assembly wanted the trial court to focus on the future harm the offender would pose to the public by looking at the charged conduct at hand. We do not negate that prior criminal behavior is a predictor of future criminal behavior. However, Senate Bill 2 demands not only that future crimes be considered, but the nature of the future harm as well. Thus, the overriding concern is the nature of the danger an offender poses to the public in the future.
{¶ 30} In conclusion, we hold R.C. 2929.14(E)(4) does not mandate concurrent sentencing. R.C. 2929.14(E)(4) requires three specific findings when imposing consecutive sentencing for multiple terms. They are necessity, proportionality, and one of the stated factual situations. R.C. 2929.19(B)(2)(c) requires reasons for those findings, which must be stated on the record.
Accordingly, we affirm the conviction, vacate the sentence, and remand for resentencing consistent with this opinion.
It is ordered that appellee and appellant share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., and DIANE KARPINSKI, J. CONCUR.
[1] 88 Ohio St.3d 208, 2000-Ohio-302.
[2] State v. Smith (2001), 136 Ohio App.3d 343; 736 N.E.2d 560, citing State v. Nichols (Aug. 19, 1999), Cuyahoga App. Nos. 74732 and 74733.
[3] Id.
[4] Griffin and Katz, Ohio Felony Sentencing Law (2000 Ed.) 590.
[5] Id. at 590.