JOURNAL ENTRY and OPINION
Appellant Thomas Ohler appeals from the trial court's imposition of consecutive sentences stemming from his guilty plea under a multiple-count indictment. Ohler assigns the following as error for our review:
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE TERMS OF INCARCERATION WITHOUT SETTING FORTH THE MANDATORY FINDINGS REQUIRED BY R.C. 2929.14(E)(4) AND 2929.19(B)(2)(C) THAT CONSECUTIVE TERMS WERE NOT DISPROPORTIONATE TO THE SERIOUSNESS OF THE OFFENDER'S CONDUCT AND TO THE DANGER THE OFFENDER POSES TO THE PUBLIC.
Having reviewed the record and pertinent law, we affirm the conviction, vacate the sentence, and remand for resentencing. The apposite facts follow.
Following indictments for multiple offenses, on April 26, 2001, Ohler pleaded guilty to one count of second-degree felony burglary in Case No. 399061, one count of fifth-degree felony theft in Case No. 402061, three counts of fourth-degree felony theft and twenty-two counts of first-degree misdemeanor arson in Case No. 404339.
In Case No. 399061, the court sentenced Ohler to a two year term of imprisonment. In Case No. 402061, the court sentenced Ohler to a six-month term of imprisonment to run consecutively with the two years imposed in Case No. 399061 and the sentence to be imposed in Case No. 404339. In Case No. 404339, the court sentenced Ohler to eight month, nine month, and ten month consecutive terms of imprisonment for the three theft convictions, and twenty-two concurrent six-months terms of imprisonment for each arson conviction to be served concurrently with the theft convictions. The court ordered Ohler to serve the three theft sentences consecutive to the sentences imposed in Case Nos. 399061 and 402061.
In his sole assigned error, Ohler argues the trial court failed to make the proportionality finding and give its reason as required in R.C.2929.14(E)(4) and R.C. 2929.19(B)(2)(c). We agree.
Ohler, 19 years old, has never been incarcerated as an adult and has no prior felony record. He does have criminal and drug histories, and his present conduct, as the trial court noted, was for the sheer pleasure of setting cars on fire.
In State v. Colegrove,[1] we emphasized the necessity of adhering to the purposes of felony sentencing, articulated by the General Assembly as follows:
 A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.[2]
When imposing consecutive sentences, the trial courts are to apply these principles via R.C. 2929.14(E)(4). The guidelines found therein relate to necessity, proportionality, and one of three factual situations. It is the lack of a proportionality finding that Ohler argues is lacking.
At the sentencing hearing, the trial judge stated the following:
 There is no doubt, Mr. Ohler, that you're going to be back here repeatedly, and there's not a chance in hell, sir, that you are going to learn a lesson while at Lorain (Correctional Institution).
 [F]irst of all, the Court is going to find that some of these offenses were committed while the defendant was under indictment. The defendant has a prior criminal record. He has been previously incarcerated as a juvenile.
 He is now 19 years of age, and the likelihood of him committing further offenses is very high. The course of conduct which he engaged in spans over a number of months period, and that the potential for physical harm was present; and that his offenses were committed under the influence of a narcotic, illegal substance, and that Mr. Ohler is ineligible to be considered for probation.
* * *
 Given his age, he has been a terror on the streets in the western suburbs, and given his age, he has committed in excess of 25 crimes, and his friends, on a lark, set cars on fire.
* * *
 When you are setting a fire in a parking garage, and when you set a fire in a car, Mr.
 Ohler, the likelihood of a gas tank eventually igniting is very high. So you have got the Lakewood police officers * * * responding to a parking garage where cars might explode, one right after another, and you could have killed a dozen firefighters.
 The problem is everybody your age has no sense of responsibility. They don't realize there are consequences to your offenses, and Mr.
 Ohler, unfortunately, nobody in here is a virgin. We all know there is dope in prison, and you're going to be right on the gravy train with the days you are getting in prison.
 You are not going to change, Mr. Ohler. You will probably be dead before your nephew, Shane, hits 21, unfortunately, or you and Shane are going to share a cell one day.
Under R.C. 2929.14(E)(4) the trial court must find consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public. Here, the trial court failed to make any findings pertaining to proportionality.
The court indicated Ohler committed serious offenses and that Ohler poses danger to the public; however, the court never indicated consecutive sentences are not disproportionate to these factors. At best, these statements provide reasons which may support findings of proportionality. Reasons, however, are markedly different than findings, and thus are deficient under R.C. 2929.14(E)(4).[3] The court must do more than simply state that the conduct is serious, and that the offender poses a danger to the public.[4] Rather, the trial court must find on the record that consecutive sentences are not disproportionate to the severity of conduct and the danger posed by the offender.[5]
Findings and reasons are not the same under R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c). R.C. 2929.14(E)(4) findings are the statutory guidelines specifically mandated for the trial court to follow when it decides to impose consecutive terms. These statutory findings of law should not be confused with findings of fact. While findings of fact are generalized statements of facts, as found by the trial court. Findings of law are specifically defined and carefully guarded by the applicable statute. Reasons for consecutive sentences, as mandated by R.C.2929.19(B)(2)(c), are a road map informing us as to how the trial court reached the specific statutory findings of law. Our role is not to tell the trial court what to find or not find; our role is to review whether the law was followed.
Because the trial court failed to make findings as to the proportionality tier of R.C. 2929.14(B)(4), we remand this matter for resentencing. We are mindful that we have held that there are no magic words to be used by the trial court.[6] Although we have made this conclusion, we have consistently held the trial court must make findings that are detailed, systematic, and explicit.[7]
Judgment affirmed as to the conviction; sentence vacated, and remanded for resentencing.
This cause is affirmed, sentence vacated, and remanded for resentencing.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., CONCUR; TERRENCE O'DONNELL, J., CONCURS, (WITH ATTACHED SEPARATE OPINION.)
[1] Cuyahoga App. No. 79396, 2002-Ohio-1825.
[2] R.C. 2929.11(A) and (B).
[3] See State v. Anderson, Cuyahoga App. No. 78887, 2001-Ohio-4297. See, generally, State v. Edmonson (1999), 86 Ohio St.3d 324,1999-Ohio-110.
[4] State v. Haamid 2001 Ohio App. LEXIS 2876(June 28, 2001), Cuyahoga App. Nos. 78220 and 78221, unreported.
[5] Id.
[6] State v. Smith (2001), 136 Ohio App.3d 343, 736 N.E.2d 560, citing State v. Nichols (August 19, 1999), Cuyahoga App. Nos. 74732 and 74733.
[7] Id.