JOURNAL ENTRY AND OPINION
This is the third appeal filed by Freddie Bolton arguing the sentence imposed by the trial court is contrary to law. On appeal, he assigns the following as errors for our review:
 The appellant's sentence is contrary to Ohio law in that the consecutive sentences were imposed in violation of R.C. 2929.14(E)(4).
 The trial court failed to engage in the proportionality review as required by R.C. 2929.11(B).
Having reviewed the arguments of the parties and the pertinent law, we affirm the decision of the trial court. The apposite facts follow.
Bolton was indicted in September 1998 on six counts of rape, one count of attempted rape, and five counts of gross sexual imposition, with all twelve counts containing a sexually violent predator specification. Bolton pleaded guilty to two amended counts of rape with sexually violent predator specifications and one count of gross sexual imposition.
On December 15, 1998, the trial court sentenced Bolton to a term of ten years on each rape count and five years on the gross sexual imposition count. All terms were to run consecutively. Bolton appealed his plea and sentence, and this court affirmed the plea but reversed and remanded for resentencing.[1] On remand, the trial court resentenced Bolton, he appealed a second time, and this court once again reversed the sentence and remanded the matter for a new sentencing hearing.[2] On August 17, 2001, the trial court sentenced Bolton for a third time, imposing a term of ten years for each rape count and five years for gross sexual imposition to run consecutively. Bolton now appeals; he attacks the consecutive, but not the maximum, sentence.
When the trial court decides to impose consecutive sentences, its discretion is guarded in that it must make findings under R.C.2929.14(E)(4) and must give reasons for the findings under R.C.2929.19(B)(2)(c). The findings are necessity, proportionality both as to the seriousness of the offender's conduct and danger posed to the community, and one of the statutory fact situations under R.C.2929.14(E)(4)(a),(b), or (c). Here, the trial court found the third tier of R.C. 2929.14(E)(4) by determining the gravity of the present offense outweighed a single term and by considering Bolton's prior criminal offense.
The court also made the following statement, which we conclude is sufficient to satisfy the necessity and proportionality findings:
 The court finds based upon the aforementioned, that consecutive sentences are necessary to protect the public from future crimes and/or to punish the offender. The court finds the maximum sentences (sic) are not disproportionate to the seriousness of his conduct and to the danger he poses to the public, and also that any sentence other than maximum consecutive would demean the seriousness of these offenses.
The language of the finding is not artful, but it is effective. Consequently, we conclude the trial court made the necessity and proportionality findings.[3]
Before the trial court made the above findings, it gave several reasons to support its finding. Additionally, the trial court gave these reasons:
 First, the Defendant committed acts upon two children, ages six and eight. The Defendant committed the acts over an extended period of time. One of the victims was his biological child and the other the sister of his biological son.
In addition to committing these heinous acts upon these two children who trusted him, the Defendant subjected both of them to sexually transmitted diseases. Both girls were diagnosed with yeast infections and one with gonorrhea.
The Court finds (sic) that the injury to the victims was very serious in nature, both physically, and that they contracted sexually transmitted diseases but they also suffer psychological problems which require ongoing treatment to this date, which is three years after the offenses were committed.
The court find (sic) that the Defendant's relationship with the two child victims facilitated the offenses * * *.
Although the trial court labeled these as findings, we understand that they are reasons that supported its findings to give multiple terms. Accordingly, Bolton's first assigned error lacks merit.
Bolton also argues the trial court failed to conduct a proportionality review as required by R.C. 2929.11(B). It states:
 A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
R.C. 2929.11(B) sets forth Ohio's basic principles of felony sentencing, which apply to all sentencing decisions.[4] R.C. 2929.14 (E)(4)'s proportionality mandate, addressed in Bolton's first assigned error, stems from R.C. 2929.11(B)'s principles that sentences should be commensurate with * * * the seriousness of the offender's conduct and its impact on the victim and consistent with sentences imposed for similar crimes committed by similar offenders. Both statutory sections work together to achieve the General Assembly's intents of protecting the public and punishing the offender.[5] Thus, when contemplating consecutive sentences, trial courts must remain mindful of specific prerequisites found in R.C. 2929.14(E)(4), as well as the philosophical dictates of R.C. 2929.11.
Despite the intimate relationship between R.C. 2929.11 and R.C.2929.14(E)(4), a distinction exists which weighs on Bolton's assigned error. While R.C. 2929.14(E)(4) demands the trial court make findings on the record to evidence the proportionality of consecutive sentences, R.C. 2929.11 entails no such burden. The reason for this disparity is clear from Senate Bill 2's construction. As we previously noted, R.C.2929.11 sets forth Ohio's purposes and principles of felony sentencing, which are to be implemented by sentencing courts via application of sections such as R.C. 2929.14(E)(4). R.C. 2929.11 does not require findings; rather it sets forth objectives for sentencing courts to achieve. Accordingly, we conclude that nothing exists in this record that demonstrates the trial court failed to consider the purposes and principles of R.C. 2929.11 in sentencing Bolton. Consequently, Bolton's second assigned error lacks merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and JAMES D. SWEENEY, J., CONCUR.
[1] See State v. Bolton, (Feb. 24, 2000), Cuyahoga App. No. 75865; (this court found the trial court failed to make the required findings when it imposed a maximum and consecutive sentence pursuant to R.C.2929.14(C) and (E), respectively.)
[2] See State v. Bolton (2001), 143 Ohio App.3d 185.
[3] See State v. Smith (2001), 136 Ohio App.3d 343; citing State v. Nichols (Aug. 19, 1999), Cuyahoga App. Nos. 74732 and 74733.
[4] See Griffin and Katz, Ohio Felony Sentencing Law (2000), 424.
[5] R.C. 2929.11(A), See Griffin and Katz, at 424 (The basic principles [of R.C. 2929.11(B) and (C)] and overriding purposes [of R.C. 2929.11(A)] are given specific reference in R.C. 2929.13 and R.C. 2929.14, which require in various subsections that a sentence must be consistent with those purposes and principles. * * * Taken together, R.C. 2929.11 through R.C. 2929.14 implement a governing philosophy for utilizing correctional resources.)